WALDEN, Chief Judge.
Wilkin Leroy Gibson appeals the summary denial of his motion to vacate judgment and sentence pursuant to Criminal Procedure Rule One (now Rule 1.850, 33 F.S.A.). The only point here asserted is that,
“[t]he trial court erred in summarily denying defendant’s motion alleging that his plea of guilty was coerced since such an allegation per se demands an eviden-tiary hearing.”
Defendant argues that a naked assertion that his guilty plea was coerced will automatically entitle him to an evidentiary hearing unless “the records and files in the case * * * do not conclusively show that the guilty plea was not coerced. * * ” We cannot agree with this backward contention and do, therefore, affirm the trial court decision.
 A motion for post-conviction relief should not be scrutinized for technical niceties. However, it is necessary that any contentions be supported by allegations of fact and not be stated as mere conclusions. Swindle v. State, Fla.App.1967, 202 So.2d 132; Crusoe v. State, Fla.App.1966, 183 So. 2d 600. Petitioner has failed to allege the ultimate facts which support his conclusion that he was coerced into pleading guilty. Thus, the allegation is not sufficient to warrant an evidentiary hearing. Lee v. State, Fla.App.1967, 204 So.2d 245; Tolar v. State, Fla.App.1967, 196 So.2d 1.
There is an alternate reason why the trial court was correct in summarily denying the motion. Petitioner is presently serving five concurrent five-year sentences ; yet by his motion he seeks to vacate only one of them. Since he has failed to challenge the validity of the other concurrent sentences, he is not entitled to a hearing on the validity of the challenged sentence. Yates v. State, Fla.App.1967, 199 So.2d 340; Cole v. State, Fla.App.1967, 204 So.2d 923.
Affirmed.
McCAIN and REED, JJ., concur.