LILES, Judge.
Wilbur M. Johnson appeals the denial of his Rule 1.850, 33 F.S.A., motion to vacate and set aside judgment and sentence. Appellant plead guilty to the charge of breaking and entering with intent to commit a felony, to-wit: robbery. He was represented in the trial court at arraignment and plea by private counsel and the following colloquy took place at the hearing:
“THE COURT: All right, Mr. Mc-Ewen, you represent Wilbur M. Johnson?
MR. McEWEN: Yes, sir. I would like for the parents to stand here since this young man is only seventeen.
THE COURT: All right. And Dale Alan Johnson?
DEFENDANT DALE ALAN JOHNSON : Yes, sir.
THE COURT: And you are ready to proceed, Mr. McEwen?
MR. McEWEN: If the Court please, we wish to request permission to withdraw pleas which have previously been entered of not guilty to these offenses. We would like to have a statement to follow ours made by either Mr. Cazin or Mr. Hanlon, whoever is the responsible man this morning. We wish to enter a plea of guilty in behalf of both Wilbur and Dale to a lesser included offense in Case No. 67524. I am not looking specifically at the charge itself but to such an offense which would have as its ceiling a maximum of fifteen years imprisonment if it should result in imprisonment.
It’s my understanding from the State Attorney, or the Assistant State Attorney, that under those circumstances, he is willing to nol-pros the aggravated assault case which is presently set for this coming Friday.
MR. CAZIN: I have the case number. It’s Case No. 67525. That is correct, your Honor, the State will nol-pros.
MR. McEWEN: And he will also direct the withdrawal of any other warrants that may be outstanding against either of these boys and I do understand that at the outset there was a first degree murder warrant taken out for them that is still at the jail.
THE COURT: All right.
MR. McEWEN: We, of course, would ask that the plea—
*226 THE COURT: Has the charge been formally read to the defendants ?
MR. McEWEN: I have read it to them sometime along the line. But, if not, we will let them read it, themselves, right now.
THE COURT: Well, let the State read it to them, Mr. McEwen, so it will be on the record.
MR. McEWEN: All right, sir.
MR. CAZIN: The State of Florida vs. Wilbur M. Johnson and Dale Alan Johnson, Case No. 67524. Direct Information for Breaking and Entering with Intent to Commit a Felony. In the name and by the authority of the State of Florida; Joseph L. Thury, Assistant State Attorney of the 13th Judicial Circuit in and for the County of Hillsborough, charges that Wilbur M. Johnson and Dale Alan Johnson, on the 17th day of December, 1967, in the County of Hillsborough and State of Florida, did unlawfully break and enter a certain dwelling located at Route 1, Box 925, Dover, State and County aforesaid, a further description and more exact location of which is to the State Attorney unknown, the property of Lora Robbins and Joseph Robbins, with intent to commit a felony therein, to-wit, robbery, that is with the intent to rob, steal and take away from the person or custody of Lora Robbins and Joseph Robbins, money, goods, chattels and other things of value, the property of the said Lora Robbins and Joseph Robbins.
Wilbur M. Johnson, how do you plead to that charge?
DEFENDANT WILBUR M. JOHNSON : Guilty.
MR. CAZIN: Dale Alan Johnson, how do you plead to that charge ?
DEFENDANT DALE ALAN JOHNSON : Guilty.
THE COURT: All right, do each of you thoroughly understand the charge?
DEFENDANT WILBUR M. JOHNSON: Yes, sir.
MR. McEWEN: If the Court please, I spent some time speaking to both of them in the presence of their brother and, presence of another brother, explaining to them the consequences of the plea, that there was no promise by anyone that they would not get jail time as a result of this, but I do assure them that there would be no other charges pending once this plea had been entered. And the State Attorney has confirmed that on the record. I trust that the court reporter is making such a note.
THE COURT: Yes, she is making notes of all of it, Mr. McEwen. But, in addition to that, we have to get on record from the defendants, themselves, these certain things in order to keep the record clear. So, let me ask you fellows, do you understand, each of you, that you could receive a maximum sentence of fifteen years in the state prison as a result of pleading guilty, or being found guilty upon the charge ?
DEFENDANT WILBUR M. JOHNSON : Yes, sir.
DEFENDANT DALE ALAN JOHNSON : Yes, sir.
THE COURT: Do you understand that you are entitled to a jury trial and to be represented by counsel at that trial if you so desire?
DEFENDANT WILBUR M. JOHNSON: Yes.
DEFENDANT DALE ALAN JOHNSON: Yes.
THE COURT: Has anybody promised you, either of you, anything or threatened either of you in any manner whatsoever to get you to plead guilty to this charge ?
DEFENDANT WILBUR M. JOHNSON : No, sir.
DEFENDANT DALE ALAN JOHNSON : No, sir.
THE COURT: All right, and the plea is tendered with your approval, Mr. Mc-Ewen?
*227 MR. McEWEN: Yes, sir.
THE COURT: All right, the Court will accept the plea of guilty under those conditions.”
It appears that appellant, having been advised by counsel and informed by the court as to the effect and consequences of his guilty plea, voluntarily and with knowledge of such consequences, plead guilty to the offense. Resultantly, the plea of guilty was valid. See Thomas v. State, Fla.App.1967, 201 So.2d 834. Appellant’s attorney has submitted to this court a very well written brief and has cited sufficient authority if the facts were true to cause this court to reverse the trial judge; but the record as cited above is clear and from that record it appears that appellant knowingly, intelligently and with knowledge of the consequences plead guilty to the crime for which he was sentenced.
We therefore affirm.
PIERCE, C. J., and HOBSON, J., concur.