254 So.2d 22 (1971)
Charles Felton KELLY, Appellant,
v.
The STATE of Florida, Appellee.
No. M-452.
District Court of Appeal of Florida, First District.
November 2, 1971.
*23 Robert P. Miller, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and William W. Herring, Asst. Atty. Gen., for appellee.
SPECTOR, Chief Judge.
Appellant was charged with the crime of robbery. He was represented in the trial court by privately retained counsel. Initially he pled not guilty. Before trial however he changed his plea to guilty.
He now complains that under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, his conviction and sentence which was predicated upon said plea of guilty should be reversed because the record of the proceedings at which the trial judge accepted the guilty plea does not reflect that the trial judge advised appellant of his privilege against compulsory self-incrimination and his right to confront his accusers. Our examination of the record verifies that the two aforementioned inquires were not made.
The record of those proceedings however do reflect that two other charges were pending against appellant, and those charges were dropped in what appears to be a bargain for the guilty plea to the instant charge. Moreover, the charge to which he pled guilty carries a maximum sentence of life imprisonment, but he was sentenced to serve only twenty years. The record also shows that inquiry was made into the following matters by the trial judge:
"1. Defendant's age.
2. Defendant's education.
3. Whether or not he could read, write and speak the English language.
4. Sobriety.
5. Mental condition.
6. Whether or not defendant had discussed his plea with his mother and attorney.
7. Whether or not defendant had advised his attorney of all of the facts and circumstances concerning the offense.
8. Whether or not he understood his right to a trial by a jury.

*24 9. Whether or not he knew he had a right to separate counsel from his co-defendant.
10. Whether or not he had any objection to his attorney.
11. Whether or not he had received any promises or offers of reward.
12. Whether or not there had been any threats or acts of duress to compel his plea.
13. Whether or not the plea was voluntary.
14. Whether or not defendant was satisfied with the services of his lawyer.
15. Whether or not he understood that all that remained to be done was to be sentenced and which could mean a life sentence.
16. Whether or not the plea was freely and voluntarily entered only because he was guilty of the offense."
All of the answers to the above inquires were consistent with acceptance of the guilty plea.
Before tendering his guilty plea, appellant's counsel made the following statement to the court:
"Prior to pleading, let me say that his mother stands beside me here and I have discussed the matter with her and with her son. I have explained the best that I have been able to explain to them the consequences of this and they desire and he desires and does enter a plea of guilty to that charge."
In our view, the record of the proceedings when taken in its totality justifies the acceptance of the guilty plea. That the court itself did not advise as to appellant's right to remain silent or right to confrontation does not mean that the plea was uncounseled or tendered unknowingly. Boykin does not require a step-by-step recitation of each and every of the defendant's rights where the record reflects, as it did here, that counsel has explained the consequences of the guilty plea to the defendant.
There is yet another reason reflected in the record because of which the trial court properly accepted the guilty plea. The decision in Boykin recognized the strategic aspect of a guilty plea, stating at 395 U.S. 240, 89 S.Ct. 1710, 23 L.Ed.2d 277:
"Trial strategy may of course make a plea of guilty seem the desirable course. But the record is wholly silent on that point and throws no light on it."
The record in the case sub judice is not by any means silent on the defense strategy of tendering a guilty plea. It is quite obvious that the plea was tendered in order to procure the dismissal of the other two cases against appellant. In recognition of the quoted excerpt from Boykin, we hold that the requirements that extensive inquiries be made by the trial judge before accepting the plea are inapplicable where the record shows that the defendant was represented by counsel and that the guilty plea was the product of plea-bargaining arrangements between the State and the defendant. We implied as much in Wilson v. Wainwright, 248 So.2d 249. Our sister court so held in Johnson v. State, 248 So.2d 225.
Accordingly, the judgment reviewed herein is affirmed.
CARROLL, DONALD K., and WIGGINTON, JJ., concur.