273 So.2d 90 (1973)
Charles E. HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 71-1038.
District Court of Appeal of Florida, Fourth District.
February 8, 1973.
Walter N. Colbath, Jr., Public Defender, and Charles W. Musgrove, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky and Andrew I. Friedrich, Asst. Attys. Gen., Tallahassee, for appellee.
*91 PER CURIAM.
This is an appeal from a denial without evidentiary hearing of defendant's motion to vacate judgment pursuant to Rule 3.850, F.Cr.R., 33 F.S.A.
We have reviewed the defendant's contentions in light of the prior decisions rendered by our courts and in light of Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. We are of the opinion that appellant has failed to demonstrate reversible error. See Gibson v. State, Fla.App. 1968, 213 So.2d 8; Brumley v. State, Fla.App. 1969, 224 So.2d 447; State v. Barton, Fla. 1967, 194 So.2d 241; Jernigan v. State, Fla.App. 1968, 214 So.2d 66, cert. dism'd 228 So.2d 273, cert. den. 397 U.S. 1029, 90 S.Ct. 1279, 25 L.Ed.2d 541; Steinhauser v. State, Fla.App. 1969, 228 So.2d 446; O'Fallon v. State, Fla.App. 1970, 239 So.2d 872; Kelly v. State, Fla.App. 1971, 254 So.2d 22; People v. Sepulvado, 1970, 27 Mich. App. 66, 183 N.W.2d 327; Dill v. State, Fla.App. 1971, 248 So.2d 502. Compare with Clark v. State, Fla.App. 1972, 256 So.2d 551; Young v. State, Fla.App. 1970, 233 So.2d 178; Johnson v. Wainwright, Fla. 1970, 238 So.2d 590.
A reading of Boykin v. Alabama, supra, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, indicates that that decision "simply requires an affirmative record showing that a guilty plea is entered voluntarily, intelligently, and understandingly, and holds the want of such a record invalidates the plea entered...." See Johnson v. Wainwright, supra, Justice Ervin dissenting. Our reading of Boykin does not indicate the necessity of having the record demonstrate a specific enumeration and waiver of federal constitutional rights in order for a plea to have been voluntarily made.[1] Kelly v. State, supra. In this connection we adopt the ruling and reasoning set forth by the Michigan Court of Appeals in People v. Sepulvado, supra. See also Dill v. State, supra.
In the case sub judice the record affirmatively shows that the trial court conducted an inquiry into defendant's plea of nolo contendere and that such inquiry as demonstrated from the record reflects that defendant's plea was knowingly and understandingly made and was free from any threat, intimidation, coercion, promise or inducement of any kind. See Clark v. State, supra.
The requirement of Boykin having been satisfied and otherwise finding no reversible error, the judgment of the lower court is affirmed.
Affirmed.
WALDEN, OWEN and MAGER, JJ., concur.
NOTES
[1] Defendant contends that Boykin requires that a record be made of the voluntariness of the waiver of the right to jury trial, right to confront witnesses and privilege against self-incrimination, and that the failure of the record to reflect the foregoing vitiates the voluntariness of any plea.