289 So.2d 434 (1974)
Charles SUMNER, Appellant,
v.
STATE of Florida, Appellee.
No. S-333.
District Court of Appeal of Florida, First District.
February 5, 1974.
*435 Robert P. Miller, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
BOYER, Judge.
The defendant was charged with the crime of aggravated assault by an information filed in the Felony Court of Volusia County, and the office of the Public Defender was appointed to represent him.
On August 25, 1972, the defendant was arraigned and entered a plea of not guilty. On September 18, 1972, the defendant, with his attorney, entered a plea of guilty to the lesser included offense of assault and battery. Prior to accepting the plea, the trial judge interrogated the defendant regarding his education and his understanding of what had taken place in court. He then explained to him that he could receive as much as one year in the county jail, that he was waiving his right to trial by jury, his right to cross-examine his accusers and his right to testify in his own behalf. The court further asked if he was pleading guilty only because he was guilty, and asked the defendant if any promises had been made or threats made that coerced the plea. He further asked whether the assistant public defender representing him had represented him to his satisfaction. After receiving satisfactory answers to all of the aforementioned inquiries, the court accepted the plea and ordered a pre-sentence investigation.
On December 12, 1972, the defendant appeared and was adjudged guilty and sentenced to be confined in the county jail at hard labor for the period of one year from that date. The defendant then took this appeal.
The sole question before us is whether the trial court committed reversible error when it accepted the defendant's plea of guilty without advising him of his constitutional rights to remain silent.
The Appellant argues that the plea was taken and the defendant permitted to answer in open court all of the many questions concerning his plea without having been advised by the court of his right to remain silent, citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Appellant concedes that in the Boykin case, the Alabama trial court had accepted a plea of guilty in a capital case without apparently asking any questions concerning the voluntariness of that plea. However, he urges that all of his many answers to *436 the court's inquiry required a waiver of his right to remain silent and since the court never explained that right to him, it cannot be said that he had intelligently waived such right.
The State argues that it has long been recognized that a guilty plea is the product of many factors and its voluntariness can be determined only by considering all of the relevant circumstances, citing Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); and further that the Boykin case was only intended to require a sufficient showing that the plea was entered knowingly and voluntarily; and does not prescribe an on-the-record warning ritual, citing Edwards v. State, 51 Wis.2d 231, 186 N.W.2d 193 (1971). The State further argues that the requirement of extensive inquiries by the trial judge before accepting a guilty plea is inapplicable where the record shows that the defendant was represented by counsel and the guilty plea was the product of plea-bargaining arrangements between the prosecution and the defendant, citing Kelly v. State, 254 So.2d 22 (Fla.App. 1971).
The fact that the Appellant's plea of guilty was "negotiated" cannot be successfully contradicted. It is settled law that a guilty plea entered as a result of a bargain with the prosecution does not, standing alone, vitiate such plea. Brown v. Beto, 377 F.2d 950 (5th Cir.1967). The record before this Court contains a clear showing that the Appellant spoke to his counsel before entering his guilty plea. Such a showing in the record simply means that it is not a "silent record" within the meaning of Boykin v. Alabama, supra.
Although we have consistently recited that cases from Federal courts, other than the U.S. Supreme Court, are not binding precedents on us, nevertheless such cases are persuasive. A Fifth Circuit Court of Appeals case, factually similar to the case sub judice, is United States v. Frontero, 452 F.2d 406 (5th Cir.1971), wherein Judge Wisdom, speaking for a unanimous court discussed this issue and the Boykin case, saying:
"Kelly argues that he was not informed of the constitutional rights waived as a consequence of his guilty plea. The colloquy between Kelly and the district judge reveals the fact that Kelly was informed that his plea constituted a waiver of his right to a jury trial. This, Kelly argues, was not enough. He claims that he should have been informed that his plea constituted a waiver of his right to confront his accusers and his privilege against compulsory self-incrimination. This Court is, however, aware of no precedent, from the Supreme Court or elsewhere, for the proposition that due process requires that a defendant be informed of each and every right which is waived by a guilty plea or that the waiver of these rights is a `consequence', within the meaning of Rule 11, of which a defendant must be personally informed before a guilty plea may be accepted. Carrying Kelly's argument to its logical conclusion, the court, before accepting a guilty plea, would be required to inform a defendant of his right to a speedy and public trial, his right to an impartial jury, his right to compulsory process for obtaining witnesses, his right to be free from cruel and unusual punishment, his right to be free from unreasonable searches and seizures, his right to have excluded from the trial any evidence illegally seized, and many more. We do not read Rule 11 as requiring this; nor do we feel that due process requires this. Kelly relies heavily, in fact solely, on Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, as authority for this contention. This reliance is misplaced. Boykin involved a silent record, where there was absolutely no showing that the guilty plea was intelligently and voluntarily entered. The record in the case at bar reveals affirmative awareness of the `consequences' of a guilty plea." Id. at 415.
Affirmed.
RAWLS, C.J., and JOHNSON, J., concur.