308 So.2d 586 (1975)
Leroy E. MOWER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. V-295.
District Court of Appeal of Florida, First District.
January 28, 1975.
Rehearing Denied March 21, 1975.
Richard W. Ervin, III, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
BOYER, Judge.
We here again consider the legal effect of the failure of a trial judge to meticulously investigate the factual basis for a plea of guilty and to fail to advise a defendant of his privilege against compulsory self-incrimination and right to be confronted by his accusers prior to accepting a bargained plea. (See Kelly v. State, Fla.App. 1st 1971, 254 So.2d 22; Sumner v. State, Fla.App. 1st 1974, 289 So.2d 434; Estes v. State, Fla.App. 1st 1974, 294 So.2d 122; Lyles v. State, Fla.App. 1st 1974, 299 So.2d 146; and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274)
The facts sub judice are remarkably similar to those in Kelly v. State, supra.
Appellant, defendant below, was charged in a two-count information with two separate forgeries. On March 1, 1974, he appeared before the Court, accompanied by his attorney, and announced that he wished to enter a plea of guilty to both counts. The trial judge thereupon directed the *587 State to determine the voluntariness of the plea, which request resulted in the following questions and responses:
1. Defendant was advised that he was charged in the first count of the information with forging the name of Mrs. Jimmy L. Frazier to a check in the amount of $198. Defendant stated that he understood the nature of the charge and that he wished to enter a plea of guilty to said count.
2. He was also advised that he was charged with forging the name of Mrs. Jimmy L. Frazier on a check in the amount of $200 drawn on the account of Frazier Sanitation. Defendant stated that he also wished to enter a plea of guilty to said count.
3. He was advised and stated that he understood that he had the right to trial by jury.
4. He also was advised (and stated that he understood) that by entering his plea of guilty to the two counts of the information he was waiving his right to trial by jury.
5. He stated that he was 38 years of age and that he was not married.
6. He stated that he had received a ninth grade education and had never been declared mentally incompetent nor at anytime had received any treatment for mental illness.
7. He denied that he had received any drugs or alcohol in the last 12 hours.
8. He was further advised (and stated that he understood) that he could receive a maximum of five years in state prison as to each count or a total of ten years.
9. He further stated that he had discussed the case with his attorney, that his attorney had advised him of the defenses which might be available to him and that he was satisfied with the representation his attorney had given him.
10. He was further advised (and stated that he understood) that he had been arrested "on three counts of forgery" and that the State had agreed "to file a nolle proseque" on one of the forgeries in exchange for his agreement to plead guilty as to the two counts contained in the information.
11. He further stated that aside from that there had been no promises or offers of leniency made to him in exchange for his plea.
12. He further advised that no one had used any threats, force or intimidation to make him plead guilty.
The trial judge accepted the plea as freely and voluntarily made and ordered a presentence investigation.
On March 6, 1974 the defendant again appeared in court with his attorney, requesting that the court proceed to sentence defendant without the benefit of a presentence investigation, advising the court that the defendant had been recently released from the Federal Penitentiary in Atlanta, Georgia, and that he had served prison sentences on at least two prior occasions. The defendant also explained to the court in detail that his prior brushes with the law had resulted from forgeries, reciting that with reference to the offenses for which he was about to be sentenced:
"Unfortunately, this time I did want to get started here in Fort Walton Beach and I did have a job and was working for a good man who tried to help me and in seeing these checks I just took them."
The court thereupon imposed a sentence of five years as to the first count, with credit for time previously served in the County Jail, and a sentence of two years on the second count to run consecutively with the sentence on the first count. This appeal ensued.
We first consider the alleged collision of the procedure employed by the trial judge with that mandated by Boykin v. Alabama, supra. To resolve that contention we simply *588 quote from two of our prior decisions, Kelly v. State, supra and Sumner v. State, supra. In the former we said:
"In our view, the record of the proceedings when taken in its totality justifies the acceptance of the guilty plea. That the court itself did not advise as to appellant's right to remain silent or right to confrontation does not mean that the plea was uncounseled or tendered unknowingly. Boykin does not require a step-by-step recitation of each and every of the defendant's rights where the record reflects, as it did here, that counsel has explained the consequences of the guilty plea to the defendant.
"There is yet another reason reflected in the record because of which the trial court properly accepted the guilty plea. The decision in Boykin recognized the strategic aspect of a guilty plea, stating at 395 U.S. 240, 89 S.Ct. 1710, 23 L.Ed.2d 277:
`Trial strategy may of course make a plea of guilty seem the desirable course. But the record is wholly silent on that point and throws no light on it.'
"The record in the case sub judice is not by any means silent on the defense strategy of tendering a guilty plea. It is quite obvious that the plea was tendered in order to procure the dismissal of the other two cases against appellant. In recognition of the quoted excerpt from Boykin, we hold that the requirements that extensive inquiries be made by the trial judge before accepting the plea are inapplicable where the record shows that the defendant was represented by counsel and that the guilty plea was the product of plea-bargaining arrangements between the State and the defendant. We implied as much in Wilson v. Wainwright, 248 So.2d 249. Our sister court so held in Johnson v. State, 248 So.2d 225." (254 So.2d at page 24)
In the latter we said:
"The sole question before us is whether the trial court committed reversible error when it accepted the defendant's plea of guilty without advising him of his constitutional rights to remain silent.
"The appellant argues that the plea was taken and the defendant permitted to answer in open court all of the many questions concerning his plea without having been advised by the court of his right to remain silent, citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Appellant concedes that in the Boykin case, the Alabama trial court had accepted a plea of guilty in a capital case without apparently asking any questions concerning the voluntariness of that plea. However, he urges that all of his many answers to the court's inquiry required a waiver of his right to remain silent and since the court never explained that right to him, it cannot be said that he had intelligently waived such right.
"The State argues that it has long been recognized that a guilty plea is the product of many factors and its voluntariness can be determined only by considering all of the relevant circumstances, citing Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); and further that the Boykin case was only intended to require a sufficient showing that the plea was entered knowingly and voluntarily; and does not prescribe an on-the-record warning ritual, citing Edwards v. State, 51 Wis.2d 231, 186 N.W.2d 193 (1971). The State further argues that the requirement of extensive inquiries by the trial judge before accepting a guilty plea is inapplicable where the record shows that the defendant was represented by counsel and the guilty plea was the product of plea-bargaining arrangements between the prosecution and the defendant, citing Kelly v. State, 254 So.2d 22 (Fla.App. 1971).

*589 "The fact that the Appellant's plea of guilty was `negotiated' cannot be successfully contradicted. It is settled law that a guilty plea entered as a result of a bargain with the prosecution does not, standing alone, vitiate such plea. Brown v. Beto, 377 F.2d 950 (5th Cir.1967). The record before this Court contains a clear showing that the Appellant spoke to his counsel before entering his guilty plea. Such a showing in the record simply means that it is not a `silent record' within the meaning of Boykin v. Alabama, supra.
"Although we have consistently recited that cases from Federal courts, other than the U.S. Supreme Court, are not binding precedents on us, nevertheless such cases are persuasive. A Fifth Circuit Court of Appeals case, factually similar to the case sub judice, is United States v. Frontero, 452 F.2d 406 (5th Cir.1971), wherein Judge Wisdom, speaking for a unanimous court discussed this issue and the Boykin case, saying:
`Kelly argues that he was not informed of the constitutional rights waived as a consequence of his guilty plea. The colloquy between Kelly and the district judge reveals the fact that Kelly was informed that his plea constituted a waiver of his right to a jury trial. This, Kelly argues, was not enough. He claims that he should have been informed that his plea constituted a waiver of his right to confront his accusers and his privilege against compulsory self-incrimination. This Court is, however, aware of no precedent, from the Supreme Court or elsewhere, for the proposition that due process requires that a defendant be informed of each and every right which is waived by a guilty plea or that the waiver of these rights is a "`consequence'", within the meaning of Rule 11, of which a defendant must be personally informed before a guilty plea may be accepted. Carrying Kelly's argument to its logical conclusion, the court, before accepting a guilty plea, would be required to inform a defendant of his right to a speedy and public trial, his right to an impartial jury, his right to compulsory process for obtaining witnesses, his right to be free from cruel and unusual punishment, his right to be free from unreasonable searches and seizures, his right to have excluded from the trial any evidence illegally seized, and many more. We do not read Rule 11 as requiring this; nor do we feel that due process requires this. Kelly relies heavily, in fact solely, on Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, as authority for this contention. This reliance is misplaced. Boykin involved a silent record, where there was absolutely no showing that the guilty plea was intelligently and voluntarily entered. The record in the case at bar reveals affirmative awareness of the "`consequences'" of a guilty plea.' Id. at 415." (289 So.2d at pages 435 and 436)
Adopting the reasoning of Judge Wisdom speaking for the Fifth Circuit Court of Appeals in United States v. Frontero, from whence the last portion of the above quotation was taken, we here again recite, as we did in Kelly v. State, supra, that in our opinion Boykin v. Alabama does not require a step-by-step recitation of each and every one of the defendant's rights which are waived by a guilty plea when the record as a whole reveals that the plea was intelligently and voluntarily entered. Instead, in our view, Boykin and due process require that the record as a whole reveal that the accused be informed of all relevant rights which are waived by the plea of guilt. To hold otherwise would require that a defendant be informed, in addition to those constitutional rights recited in United States v. Frontero, of the right to *590 vote, to freedom of assembly, freedom of speech, freedom of press, freedom of religion, equal rights to welfare, medical treatment and literally hundreds of "rights" guaranteed by the Constitution of the United States of America. To so hold would be utterly absurd.
We now consider the contention that the trial judge failed to ascertain the existence of a factual basis for the plea of guilty prior to accepting the plea. This is a multifaceted contention in the case sub judice.
First, it is apparent from the record that the trial judge did in fact determine the factual basis for the plea prior to sentencing but not prior to acceptance of the plea. Appellant contends that Rule 3.170(j) RCrP mandates that the factual basis be determined prior to acceptance of the plea and that the making of such determination subsequent to the plea but prior to sentencing does not meet the requirements of the rule. We do not agree. Assuming for the purpose of this specific point, that the cited rule is absolutely mandatory, nevertheless we hold that failure to meticulously follow same initially does not so infect the sentence as to render the error incurable. As above recited, in the case sub judice, the record reveals that the trial judge did in fact determine that there was a factual basis for the defendant's plea of guilty prior to imposition of sentence. That determination, though belated, we hold to have been sufficient compliance with the rule.
Further, we hold that as desirable as it may be, it is not necessary that the trial judge recite into the record his determination of the factual basis for the plea nor, for that matter, his determination of any of the other matters referred to in Rule 3.170(j). It is sufficient that the record itself reflect the basis for such a determination. The subsequent action of the trial judge in accepting the plea and ordering a presentence investigation or imposing sentence, as the case may be, sufficiently reflects his determination in that regard if there is a sufficient basis in the record to sustain the trial judge's subsequent actions. (See Ansley v. State, Fla.App.1st 1974, 302 So.2d 797)
The judgment and sentence appealed are affirmed.
RAWLS, C.J., and McCORD, J., concur.