PER CURIAM.
The defendant, with able assistance of counsel, withdrew a previous plea of not guilty to the crime of rape and entered a plea of guilty instead. Defendant was asked if the plea of guilty was in accordance with his wish to which he responded in the affirmative. The court then carefully defined the crime of rape and informed the defendant that he was entitled to a jury trial. The defendant responded that he understood the definition of the crime with which he was charged and that, in fact, he was guilty of the crime. He also, in response to questions from the court, stated that he had not been mistreated nor pressured. He now appeals, alleging as his sole point that the trial court erred in accepting his plea of guilty without first determining that such plea was voluntary and with full knowledge that in so pleading “he would waive numerous and substantial rights and privileges”, citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. We affirm on authority of North Carolina v. Alfrod, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Seville v. State, Fla.App. 1st 1974, 291 So.2d 256 and Mower v. State, Fla. App. 1st 1974, 308 So.2d 586, and the cases therein cited.
RAWLS, C. J., and BOYER and Mc-CORD, JJ., concur.