312 So.2d 528 (1975)
Ernest BROWN, Appellant,
v.
STATE of Florida, Appellee.
Nos. W-267, W-268.
District Court of Appeal of Florida, First District.
May 15, 1975.
*529 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
McCORD, Judge.
These are consolidated appeals from judgments and sentences in Case Nos. W-267 and W-268.
In Case No. W-267, appellant pled guilty to aggravated assault and was sentenced to an indeterminate sentence of from six months to two years. The trial judge, in accepting the plea, did not require that a factual basis for the plea be shown as is required by Rule 3.170(j), F.R.Cr.P. Appellee relies upon our previous decision in Estes v. State, Fla.App. (1st), 294 So.2d 122, but inasmuch as the plea did not result from plea bargaining, such failure is not harmless error in the case sub judice as we held it to have been under the facts of Estes.
In addition, the trial judge, in accepting the guilty plea, did not comply with another provision of Rule 3.170(j), F.R. Cr.P., and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, in that he did not make a sufficient inquiry into the circumstances surrounding the plea to show that appellant had a full understanding of the significance of the plea and its voluntariness. After being advised by appellant's counsel that appellant wished to change his not guilty plea to a plea of guilty, the full inquiry made by the court was as follows:
"Q Is that what you wish to do?
A Yes, sir.
Q Did you discuss with your attorney the defenses that you might have in this case?
A Yes, sir.
Q Did you discuss it with him?
A Yes, sir.
Q Are you entering a plea because you are guilty?
A Yes, sir.
Q Mr. O'Grady: The Court finds that you are an intelligent man and that you have been well advised by competent counsel and the Court accepts your plea of guilty... ."
While in Kelly v. State, Fla.App. (1st), 254 So.2d 22, this court held that Boykin does not require a step-by-step recitation *530 of each and every of the defendant's rights, the court indicated that the record must reflect that the consequences of the guilty plea were fully explained to the defendant. In Mower v. State, Fla.App. (1st), 308 So.2d 586, Opinion filed January 28, 1975, we stated that Boykin and due process require that the record as a whole reveal that the accused was informed of all relevant rights which are waived by the guilty plea.
Prior to appellant's guilty plea in Case No. W-267, he pled guilty to passing a worthless bank check and had been placed on probation. After a guilty plea in Case No. W-267, an affidavit was filed charging that he "violated the conditions of his probation in a material respect by violation of probation condition (h) which states that the defendant shall live and remain at liberty without violating any law, in that on May 23, 1974, the defendant entered a plea of guilty to the offense of aggravated assault in Taylor County Circuit Court." He was brought before the court on July 1, 1974, on the probation violation charge and the court said:
"Q You are charged with violating your probation by violating condition H which states that the Defendant shall live and remain at liberty without violating any law in that the Defendant entered a plea of guilty to the offense of aggravated assault in Taylor County Circuit Court, and do you admit or deny you violated your probation in that respect?
A I violated it.
Q You admit you did?
A Yes, sir."
The violation of probation which appellant admitted was that he had pled guilty to aggravated assault. Since such guilty plea is here being held invalid in Case No. W-267, his conviction in Case No. W-268 of probation violation based upon such invalid guilty plea must also be vacated.
The judgments and sentences in Cases Nos. W-267 and W-268 are reversed and remanded for further proceedings consistent with this opinion.
RAWLS, C.J., concurs.
JOHNSON, J., concurs in case No. W-267 and dissents in case No. W-268.
JOHNSON, Judge (concurring in case No. W-267 and dissenting in case No. W-268):
I can concur with the majority opinion in the case so far as the same pertains to Case No. W-267, primarily because it almost agrees with our case of Lyles v. State (Fla.App. 1st, 299 So.2d 146) and the trial court did not follow Florida Rules of Criminal Procedure 3.170(j).
I cannot agree with the majority opinion insofar as it pertains to Case No. W-268. In this latter case, the appellant was charged with violation of a probation which had been granted to him in 1971 after a guilty plea of worthless check. In this Order of Probation dated June 29, 1971, Section (h) provides: "Live and remain at liberty without violating any law."
The Order in Case No. W-268 issued July 1, 1974, was for a violation of the 1971 probation. The defendant did not live and remain at liberty without violating any law, as was alleged in the affidavit of the probate supervisor, and in the Order revoking, to wit: "that he had pled guilty to the offense of aggravated assault in Taylor County." The mere fact that the trial court in the trial of Case No. W-267 committed a technical error, did not alter the fact that the terms of the probation were violated in Case No. W-268. So far as the record in these two cases show, the defendant was still in jail (not at liberty).
Therefore, the order revoking of probation in Case No. W-268 was not dependent upon the new trial or evidence in Case No. *531 W-267. In fact, the trial court did inquire of the defendant and his attorney about the probation violation. The Amended Brief of the appellant, at page 3 thereof, quotes from the record wherein the appellant, in answer to question of the trial court, admitted that he knew of the terms of his probation of 1971 and admitted in open court that he, the appellant, had violated his probation. The question was repeated about the violation of condition "h" of his probation. He said "I violated it." Q. (by court) "You admit you did?" A. "Yes, sir."
I cannot think that able United States Supreme Court Justices who participated in the case of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 were stretching the idea of justice so far as to say that even though the crime was committed several years prior thereto and placed on probation, that upon being charged with subsequent crimes, although acquitted therefor, the same would constitute grounds of probation violation and when the defendnt in open court admits the violation  even though he actually was almost admitting the crimes for which he had just been acquitted, then I think there is no relative connection between the 1974 charge and the 1971 guilty crime. The fact that the trial court did not follow the related decisions by inquiring into the factual basis for the guilty plea as required by Rule 3.170(j) F.R.Cr.P., does not establish the fact of guilt or not guilty. It merely assures the trial court that the defendant knew what he was doing and he did in fact commit the crimes charged or of one of the lesser included offenses or related offenses. As a matter of fact, I don't think the two cases should have been consolidated. A new trial in Case No. W-268 would have to end in revocation of probation if the defendant gives the same answer, to wit: "I violated it." This seems like common sense law to me. I'd reverse as to Case No. W-267 and affirm as to Case No. W-268.