MILLS, Judge.
Appellant-defendant was charged with two counts of robbery. Pursuant to plea bargaining, he pled nolo contendere to one count, and the other count was dismissed. He was sentenced to a term of ten years. The sole issue is whether the trial court erred when it accepted defendant’s plea without advising him of his right against self-incrimination; of his right to a jury trial; and of his right to confront his accusers.
At the arraignment, the following occurred :
1. The defendant was informed of the charges against him.
2. He stated that he had not been threatened, intimidated or forced to plead nolo contendere.
3. He advised that he was voluntarily pleading nolo contendere.
4. He informed the court that he had a tenth grade education.
5. He admitted that he was the driver of the car at the time of the robbery, and his attorney stated that he was a principal to the charge.
6. He stated that he was satisfied with the advice and services of his attorney.
7. He was informed that he could receive a maximum sentence of life.
8. He stated that he had been promised nothing more than a presentence investigation.
9. The court then inquired if defendant still wished to plead nolo contendere, and defendant responded that he did.
When viewed in its totality, the record of the arraignment justifies the acceptance of the nolo contendere plea. Defendant’s attorney had counseled with him on his plea, and the plea was tendered in order to procure the dismissal of the second robbery count. The record before us reveals that the nolo contendere plea was intelligently and voluntarily entered, and that the defendant was aware of the consequences. In fact, defendant makes no argument that his plea was not intelligently and voluntarily made. He only complains that the trial court failed to advise him of each and every right he had, step by step, which is not required where a record, like the one before us, shows that what occurred was a part of his trial strategy. Kelly v. State, 254 So.2d 22 (Fla.App.1971); Sumner v. State, 289 So.2d 434 (Fla.App.1974); Mower v. State, 308 So.2d 586 (Fla.App.1975).
In addition, the defendant does’ not contend that he has Been prejudiced, nor does the record show prejudice. Williams v. State, 316 So.2d 267 (Fla.1975).
Affirmed.
BOYER, C. J., and McCORD, J., concur.