McCORD, Judge.
This is an appeal from judgment and sentence of appellant for second degree murder predicated upon a guilty plea. After having previously pled not guilty to an indictment charging first' degree murder, appellant appeared before the court with her attorney and withdrew her previously entered plea of not guilty and pled guilty to the lesser included offense of second degree murder. The guilty plea was entered with the understanding that there would be a presentence investigation and that she would not be sentenced to more than 20 years. The court questioned her and determined that she fully understood the plea bargain and the maximum sentence she would receive under it. The court further determined from its questions that she had not been threatened, coerced, intimidated or in any way forced to enter her plea and that she was pleading voluntarily to the charge of second degree murder. She advised that she was satisfied with the advice given to her and the services which were performed by her attorney; that she did, in fact, commit the homicide. The assistant state attorney then questioned appellant to establish a factual basis for the plea and she admitted that she did shoot Paul Walter Marshal with a pistol on the first day of June, 1974; that she did it unlawfully and from a premeditated design; that the pistol was in her possession in her purse and belonged to her mother.
Although the appellant had pled guilty, the trial judge, perhaps inadvertently, accepted her “plea of nolo contendere.” Subsequently, after presentence investigation and report, she was adjudged guilty and sentenced to 20 years in the state prison.
Appellant contends that in accepting her guilty plea the trial court denied her due process in that it failed to follow the requirements set forth in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Although the opinion of the United States Supreme Court in Boykin listed three constitutional rights a defendant waives when he pleads guilty, it did not specify that the trial judge before accepting such a plea must enumerate such rights and secure an affirmative waiver from the defendant as to each of them. The court in Boykin stated:
“. . . So far as the record shows, the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court.
Trial strategy may of course make a plea of guilty seem the desirable course. But the record is wholly silent on that point and throws no light on it.”
***** *
“It was error, plain on the face of the record, for the trial judge to accept petitioner’s guilty plea without an affirmative showing that it was intelligent and voluntary.”
The court then enumerated three constitutional rights that are waived when a plea of guilty is entered [(1) the privilege against compulsory self-incrimination (2) the right to trial by jury and (3) the right to confront one’s accusers]. The court then said:
“We cannot presume a waiver of these three important federal rights from a silent record.” (Emphasis supplied)
The record in the case sub judice is at wide variance from the silent record in Boykin. Here it was established that the guilty plea was voluntary; that appellant *872 fully understood the plea bargain that she had agreed to; that she was satisfied with the representation of her attorney and that there was a factual basis for the plea. Unlike Boykin, this is not a silent record and we can presume from this record that there was an adequate waiver by appellant of the previously enumerated constitutional rights. See Kelly v. State, Fla.App. (1st), 254 So.2d 22 (1971); Hall v. State, Fla. App. (4th), 273 So.2d 90 (1973); Dill v. State, Fla.App. (1st), 248 So.2d 502 (1971); People v. Ferguson, 383 Mich. 645, 178 N.W.2d 490; and Ford v. State, Fla.App. (1st), 317 So.2d 473. Opinion filed August 12, 1975.
Affirmed.
RAWLS, Acting C. J., and MILLS, J., concur.