PER CURIAM.
Defendant, Gilberto Perez, takes this belated appeal to review his conviction for rape based upon his guilty plea. The salient facts are as follows:
Defendant was indicted for rape and initially pled not guilty. Subsequently, through court appointed defense counsel, he announced he was withdrawing his previous plea and tendered a plea of guilty. He was questioned extensively by defense counsel, *385 the prosecutor and the trial judge as to the voluntariness of his guilty plea. Defendant, who at the time was 19 and had completed two years of high school, responded that he was pleading guilty because he was guilty; he understood his rights and the nature of the charges against him; was advised as to his defenses; was neither threatened nor promised anything to change his plea and was satisfied with his attorney. Thereupon, the judge determined that the guilty plea was knowingly and voluntarily entered and accepted it. The prosecutor with the express consent of defense counsel then filed transcripts of the preliminary hearing to further establish a factual basis for defendant’s plea and a presentence investigation was ordered. When the defendant appeared in court with his counsel for sentencing, the following colloquy occurred:
* * * * * *
“Call the defendant Gilberto Sierra Perez first.
“Is his counsel here?
“MR. GARBER: Yes, sir.
“THE COURT: You, Gilberto Sierra Perez, have entered a plea of guilty to the crime of rape.
“The Court does now adjudge that you, Gilberto Sierra Perez are and stand guilty of the crime of rape.
“Having you anything to say why sentence should not be pronounced against you?
“DEFENDANT PEREZ: She was not raped by me at any time.
“THE COURT: Do you have anything else you wish to say?
“MR. GARBER: Will the Court accept a statement from counsel on behalf of the defendant?
“THE COURT: Yes, sir.
“MR. GARBER: The record should reflect that the rights of this defendant were explained by the Court and the State and myself in the presence of the interpreter who simultaneously interpreted the statements of the Court and defense.
“The defendant did freely and voluntarily enter his plea to the charge set forth in the indictment.
“By way of mitigation, I would like to briefly comment and relate to the Court some facts which I think should be of interest to the Court, prior to the imposition of sentence in this cause.”
******
After listening to mitigating arguments, the judge imposed a 20 year sentence.
In this belated appeal defendant urges as reversible error the failure of the trial judge to make inquiry into defendant’s assertion made subsequent to his guilty plea but prior to imposition of his sentence that he was not guilty thereby depriving him of due process of law. We cannot agree.
The trial judge made the requisite inquiry into the voluntariness of and understanding by the defendant of the significance of his guilty plea, and the transcripts of the preliminary hearing provided a factual basis for the plea. Thus, the judge properly accepted the guilty plea. See Fla.R.Crim.P. 3.170(j) and Williams v. State, 316 So.2d 267 (Fla.1975); Mower v. State, 308 So.2d 586 (Fla. 1st DCA 1975); Moore v. State, 308 So.2d 590 (Fla. 1st DCA 1975). Defendant now argues that the judge should have made a second inquiry when he stated during the sentencing hearing that he did not rape the girl. A factual basis for the guilty plea was determined by the judge at the time of the entry of the guilty plea and we find the subsequent denial of the commission of the offense insufficient under the circumstances to negate this prior determination. Cf. Hall v. State, 309 So.2d 226, 228 (Fla. 2d DCA 1975). We further note that no motion to withdraw the guilty plea was made by the defense.
Affirmed.