365 So.2d 1102 (1979)
Ozell PLUMMER, Appellant,
v.
STATE of Florida, Appellee (Two Cases).
Nos. JJ-354, JJ-355.
District Court of Appeal State of Florida, First District.
January 3, 1979.
Michael J. Minerva, Public Defender, and Margaret Good and Janice G. Scott, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Miguel A. Olivella, Jr., Asst. Atty. Gen., for appellee.
*1103 PER CURIAM.
These are consolidated appeals from revocation of probation and judgment and sentence for grand larceny. Ozell Plummer, appellant, contends that the statements and admissions that he made were not freely and voluntarily given and that they should have been suppressed. We agree and reverse.
Viewing the evidence in a light most favorable to the state, the facts show that appellant went to the jail upon the request of a deputy to talk with the sheriff about the theft of radiators. At that time, appellant was read his rights and then asked about the theft of radiators. The sheriff testified that appellant admitted the theft of radiators from one George "Kitten" Davis and then agreed to let the sheriff look in his car. The sheriff found a radiator hose which he identified as being of the type that would fit the vehicles from which other radiators were stolen. Appellant claimed that he used that hose on his own car, using a coat-hanger to make it fit, but the sheriff convinced him that could be possible because the inside of the hose was still smooth. Subsequently, appellant admitted the theft of radiators from one Robert Cross. On direct examination the sheriff testified that the only promise made to appellant was that if he would pay Davis for his radiators, he would not be charged with that theft. He stated that there was no promise relative to the theft of the Cross radiators. On cross-examination, however, the sheriff admitted having said,
"Ozell, you know I've helped you out before. Why do you want to lie to me now. All I want to know is who took the radiators and who was with you. You tell me the truth and I'll let you go." (T-12).
The sheriff acknowledged that the lies he was referring to were appellant's denial of the thefts. It was after that assurance that appellant admitted the Davis thefts and let the sheriff look in the car. After the search of the car, appellant admitted the Cross thefts also. After the admissions, the sheriff let appellant go because he had told him he would; but the sheriff testified that appellant knew that he would be arrested later on. The sheriff acknowledged that he might have said something to appellant about his being able to place charges any time within the next three years and that he had specifically told appellant that if a deputy came out to his house to talk to him that he had better tell the deputy the truth.
While we must consider the evidence in the light most favorable to the state, appellant testified that when the sheriff told him that if he would tell the truth the sheriff would let him go, he thought that meant that he would not be arrested for any of the thefts that he admitted. He also said that the sheriff specifically told him that, if the deputies came out to his house and asked him about anything, he had better tell them the truth or the sheriff would write up the charges against him and see that he went to prison and that the sheriff could do so for a period of three years. Further, appellant stated that when the deputy came to arrest him, he said he was going to arrest him for failing to make restitution (apparently concerning the Davis theft). When the deputy asked him about the radiators, appellant stated, he (appellant) hesitated and the deputy said, "If you don't remember what the sheriff told you, you better not lie to me." At that point, appellant told the deputy essentially what he had told the sheriff.
The law requires that a confession or statement which is admitted into evidence against a defendant must be shown to have been made freely and voluntarily and must not have been the product of promises, direct or implied. Fillinger v. State, 349 So.2d 714 (Fla. 2d DCA 1977). The statement made by appellant does not meet that test and therefore it should have been suppressed. The contention by the state that the questioning about the Davis thefts and the Cross thefts constituted two separate events and that the promise related only to the Cross thefts is far from clear even if we consider only the sheriff's testimony. While the sheriff apparently considered that the promise was limited to the Davis thefts, there is no evidence that such limitation was expressed to appellant. *1104 There was no evidence that the initial promise was ever withdrawn or modified during that day's interrogation.
In addition, the statements made to the deputy should also have been suppressed. The sheriff admitted that he told appellant that if a deputy came out appellant had better tell him the truth because the sheriff had given appellant a break on the Davis thefts. In addition, the sheriff did not deny that he told appellant that he could bring charges for up to three years. Under the circumstances, this transaction constituted more than a simple adjuration to tell the truth countenanced by State v. Chorpenning, 294 So.2d 54 (Fla. 2d DCA 1974).
Finally, the revocation of probation was based solely on the plea of no contest to the charge of grand larceny. The reversal of the conviction requires the reversal of the revocation of probation. Brown v. State, 312 So.2d 528 (Fla. 1st DCA 1975).
The judgments and sentences in Case Nos. JJ-354 and JJ-355 are reversed and remanded for further proceedings consistent with this opinion.
McCORD, C.J., and ERVIN and MELVIN, JJ., concur.