316 So.2d 297 (1975)
Samuel Allen TUCKER, Appellant,
v.
STATE of Florida, Appellee.
No. W-338.
District Court of Appeal of Florida, First District.
June 30, 1975.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richward W. Prospect, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Appellant-defendant contends the sole issue raised by this appeal is whether the trial court determined that there was a factual basis for defendant's plea of nolo contendere. Appellee-State agrees. We are of the opinion that the crucial issue here is whether Rule 3.170(j), Florida Rules of Criminal Procedure, requires the establishment of a factual basis for a plea of nolo contendere.
From the outset, let us say that the record discloses that a sufficient factual basis for the plea of nolo contendere was ascertained by the trial court. Now, let us move to the crucial issue.
We are of the opinion that Rule 3.170(j), Florida Rules of Criminal Procedure, does not require the determination of a factual issue for a plea of nolo contendere.
Paragraph (j) of Rule 3.170 provides:
"Responsibility of Court on Pleas. No plea of guilty or nolo contendere shall be *298 accepted by a court without first determining, in open court, with means of recording the proceedings stenographically or by mechanical means, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness, and that there is a factual basis for the plea of guilty." (Emphasis supplied)

* * * * * *
Effective 1 February 1973, Rule 3.170 was amended to add paragraph (j). The committee note indicates that this paragraph was from the first sentence of former Rule 3.170(a) with the addition of the requirement of a determination of a factual basis for a plea of guilty as provided by the last sentence of Rule 11 of the Federal Rules of Criminal Procedure. West's Desk Copy, Florida Rules of Court 1975.
The last sentence of Rule 11 provides "The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea". The last sentence of Rule 11 was added in 1966 and the committee note states that for a variety of reasons it is desirable in some cases to permit entry of judgment upon a plea of nolo contendere without inquiry into the factual basis for the plea. The last sentence is not, therefore, applicable to pleas of nolo contendere. 8 Moore's Federal Practice 11-4. Also, see American Bar Association, Approved Draft 1968, Standards Relating to Pleas of Guilty, page 34.
In view of the foregoing, which is readily apparent from the verbiage used in the applicable rules, the determination of a factual basis for a plea of nolo contendere is not required.
Affirmed.
McCORD, J., concurs.
BOYER, Acting C.J., concurs specially.
BOYER, Acting Chief Judge (concurring specially).
I concur in the result reached. Please see Estes v. State, Fla.App.1st 1974, 294 So.2d 122 and Mower v. State, Fla.App.1st 1975, 308 So.2d 586.