317 So.2d 851 (1975)
Robert Allen DAVENPORT, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. Y-147.
District Court of Appeal of Florida, First District.
August 28, 1975.
James Ron Shelley, Public Defender; Ernest L. Cotton, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
MILLS, Judge.
The question raised by this appeal is whether the trial court erred in imposing a sentence on Davenport without the benefit of a presentence investigation and recommendation where the record does not show a previous felony offense. The trial court erred. Angel v. State, 305 So.2d 283 (Fla. App.1st, 1974).
The record in this case is silent as to a previous felony offense. Rule 3.170, Florida Rules of Criminal Procedure, provides that no sentence shall be imposed on a defendant found guilty of a first felony offense until a presentence investigation and recommendation has been received and considered by the sentencing judge. As the trial court's error was a mere defect in sentencing, reversal is not required.
This case is remanded with the following directions:
1. the trial court may hold a hearing at which it must be established that the defendant has been convicted previously of a felony, and if he has been convicted, reimpose the sentence, or
2. the trial court may vacate the sentence, then obtain a presentence investigation and recommendation, consider them, and resentence the defendant.
BOYER, C.J., and McCORD, J., concur.