MILLS, Judge.
Baxley was charged by information with two counts of robbery. He pled no contest to the first count, and the second count was dismissed. Throughout the arraignment, the trial court referred to Baxley’s plea of no contest as a plea of guilty. In its judgment and sentence, the trial court adjudicated Baxley guilty on a plea of guilty to the second count of robbery. Baxley contends the trial court erred. We agree.
In addition, Baxley urges that the trial court erred in failing to fully determine a factual basis on his plea of no contest. We disagree.
The trial court’s reference to Bax-ley’s plea of no contest as a plea of guilty was a slip of the tongue. The finding of guilt on a plea of guilty to the second count of robbery was a slip of the pen. Both errors were made while counsel stood by and failed to direct the trial court’s attention to the errors. The errors are not fundamental not prejudicial. They may be corrected so that they speak the truth.
The determination of a factual basis for a plea of no contest is not required. Tucker v. State, 316 So.2d 297, opinion filed June 30, 1975 (Fla.App. 1st).
Remanded to correct the record as stated above; otherwise, affirmed.
BOYER, C. J., and McCORD, J., concur.