MELVIN, Judge.
Appellant-defendant appeals from a judgment and sentence for the crime of aggravated battery.
The judgment was based upon what purports to be defendant’s plea of no contest. The defendant urges error for failure of the trial court to determine: 1) voluntariness of his plea, and 2) whether there was a factual basis for the charge to which the plea was addressed. We consider these matters in reverse order. This Court, in Tucker v. State, 316 So.2d 297 (Fla.1st DCA 1975), held that as to pleas of nolo contendere, such determination is not required. As applied to a plea of guilty, a factual determination is required. Williams v. State, 316 So.2d 267 (Fla.1975).
We note that effective July 1, 1977, Fla. R.Crim.P. 3.172(a) requires the trial judge to satisfy himself that the plea of guilty or nolo contendere is voluntarily entered and that there is a factual basis for it, before accepting the plea.
We are concerned with the more serious question as to whether the defendant ever knowingly entered a plea with knowledge as to its possible or probable consequence. The defendant rejected the court’s offer to appoint the public defender and elected to represent himself. The record is silent as to the extent of his education.
The record reveals that upon his arraignment, these events occurred:
“THE COURT: Do you understand the charge?
“THE DEFENDANT: Yes, sir.
“THE COURT: How do you plead?
“THE DEFENDANT: Guilty of an accident, your honor.
“THE COURT: What did you say?
“THE DEFENDANT: Guilty of an accident, judge, your honor.
“THE COURT: What do you mean, ‘an accident’?
“THE DEFENDANT: I didn’t mean to shoot her. Her auntie pushed her into the shot. I didn’t intend to shoot her, and her auntie pushed her over there just as I went to pull the trigger.”
The defendant went into what he said were the details of a family fuss, that all he intended to do was to shoot into the ground “. . . to make them all behave, and her auntie pushed her right into the shot.” Whereupon, the following transpired:
“THE COURT: Well, if it was a pure accident, you are not guilty.
“THE DEFENDANT: That’s what it was, an accident, because I wasn’t shooting at her.
“THE COURT: Well, I guess I’ll have to enter a plea of not guilty. Are you sure you don’t want a lawyer to represent you, because you’ve got to go to trial now.
“THE DEFENDANT: I have to go to trial?
“THE COURT: Yes. You plead not guilty, so far as I’m concerned.
“THE DEFENDANT: I plead guilty to the shot. I plead guilty to that.
“THE COURT: That is not what you are charged with, you are charged with aggravated battery, that is, a shooting with a deadly weapon, and with inflicting bad injuries.
“THE DEFENDANT: It just cut the skin on her leg right there. It just cut the skin on the outside, didn’t go in.
“THE COURT: All right, I’m entering a plea of not guilty. If what you say is true, you are not guilty of the charge. Do you want to enter a plea of no contest and let me refer it for pre-sentence investigation? (Emphasis supplied)
“THE DEFENDANT: Yes, sir. I would appreciate it.
“THE COURT: All right, I’ll do that. I will accept a plea of nolo contendere and refer it for a presentence investigation. Are you in jail?
“THE DEFENDANT: Yes, sir.
“THE COURT: All right, Mr. Sheriff, get him in touch with the probation officer. All right.”
*1212 The defendant had, in two short sentences, been advised that: 1) the court was entering for him a plea of not guilty, and 2) if his statement was true, he was not guilty of the charge. Whereupon, the court asked defendant if he wanted “. . .. to enter a plea of no contest and let me refer it for pre-sentence investigation?” (Emphasis supplied) In this posture, the defendant could have assumed that a plea of not guilty was the same as a plea of no contest. No one advised him as to the drastic difference, or as to the consequence of a no contest plea.
The judgment and sentence is reversed, the no contest plea set aside and the cause is remanded for further proceedings.
MILLS, Acting C. J., and SMITH, J., concur.