294 So.2d 122 (1974)
William ESTES, Alias "Lurch", Appellant,
v.
STATE of Florida, Appellee.
No. U-314.
District Court of Appeal of Florida, First District.
April 30, 1974.
Rehearing Denied May 28, 1974.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Enoch J. Whitney, Asst. Atty. Gen., for appellee.
*123 SPECTOR, Acting Chief Judge.
The judgment of conviction sought to be reversed herein is the product of plea bargaining and was obviously negotiated as reflected in the circumstances of the record on appeal and the briefs herein. Accordingly, appellant's contention that the conviction must be reversed because the trial court failed to ascertain the existence of a factual basis for the plea of guilty as required by newly adopted Rule 3.170(j), Florida Rules of Criminal Procedure, 33 F.S.A., is untenable since the factual basis clause in that rule is inapplicable in cases where the guilty plea is the result of plea bargaining. See this court's opinion in Kelly v. State, 254 So.2d 22 (1971), wherein we stated at page 24 the following:
"There is yet another reason reflected in the record because of which the trial court properly accepted the guilty plea. The decision in Boykin recognized the strategic aspect of a guilty plea, stating at 395 U.S. 238, 240, 89 S.Ct. 1709, 1710, 23 L.Ed.2d 277:
`Trial strategy may of course make a plea of guilty seem the desirable course. But the record is wholly silent on that point and throws no light on it.'
"The record in the case sub judice is not by any means silent on the defense strategy of tendering a guilty plea. It is quite obvious that the plea was tendered in order to procure the dismissal of the other two cases against appellant. In recognition of the quoted excerpt from Boykin, we hold that the requirements that extensive inquiries be made by the trial judge before accepting the plea are inapplicable where the record shows that the defendant was represented by counsel and that the guilty plea was the product of plea-bargaining arrangements between the State and the defendant. We implied as much in Wilson v. Wainwright, Fla.App., 248 So.2d 249. Our sister court so held in Johnson v. State, Fla.App., 248 So.2d 225." (Emphasis supplied.)
While we recognize that Rule 3.170(j) of the Florida Rules of Criminal Procedure was fashioned after Federal Criminal Procedure Rule 11 which was construed by the United States Supreme Court in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, to require the trial judge to ascertain the factual basis of a plea before accepting the same, it is our view that insofar as the failure to ascertain the factual basis for a negotiated guilty plea in a state prosecution may constitute error, such error may be harmless error and, if so, cannot serve as the basis for reversal.
Section 924.33, Florida Statutes, F.S.A., provides:
"No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant."
Application of the harmless error doctrine as established in the decisional law of this state as well as the above cited statute precludes reversal in absence of even a contention by appellant that the error of which he complains "injuriously affected" his rights. Appellant does not say or contend that indeed there was no factual basis for his guilty plea. He does not say or contend that he was mistaken in his belief that his conduct amounted to the commission of the crime charged and to which he pleaded guilty.
The "factual basis" clause in the subject rule has as its salutory basis the prevention of a defendant being convicted of a crime that he did not commit because he erroneously concluded that he was guilty. See McCarthy v. United States, supra. It is not difficult to imagine an accused standing before the bar of justice accused of a crime he thinks he committed but really did not. Had the requirement of the rule been carried out by the trial judge prior to accepting appellant's plea of guilty to the charge of selling drugs, the judge *124 would have inquired as to the circumstances surrounding the incident giving rise to the criminal charge against the appellant. Had such inquiry been made, the trial judge may have learned that the conduct ascribed to appellant did not amount to the commission of the crime charged. Appellant, in fact, might have been selling hot dogs on the street corner instead of drugs and the trial judge would have found that out had he only made inquiry as to the factual basis for appellant's guilty plea. It is to prevent such a miscarriage of justice that the rule seeks to effect. The reason noncompliance with the rule in the case sub judice is not reversible error is because this appellant does not now contend that in fact and in truth there was no factual basis for his plea  he does not now contend that he was selling hot dogs on the street corner instead of drugs. In other words, in this appeal he has failed to demonstrate how he has been prejudiced by the trial court's failure to make inquiry as to the factual basis for the plea. In absence of prejudicial error, it is my understanding that we must affirm.
BOYER and McCORD, JJ., concur.