299 So.2d 146 (1974)
Lamar LYLES, Appellant,
v.
STATE of Florida, Appellee.
No. U-278.
District Court of Appeal of Florida, First District.
August 20, 1974.
Rehearing Denied September 11, 1974.
*147 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
RAWLS, Chief Judge.
Appellant was charged by information with robbery and assault. Initially, he entered a not guilty plea but subsequently that plea was withdrawn and substituted by a plea of guilty to the robbery charge only. Appellant states the assault charge was dropped pursuant to plea bargaining. On this appeal, reversal is sought of the judgment of the conviction and 20-year sentence pursuant to the guilty plea because the trial judge allegedly accepted appellant's guilty plea without establishing a factual basis for the plea as required by Criminal Procedure Rule 3.170(j) adopted by the State Supreme Court effective February 1, 1973. Said rule is as follows:
"No plea of guilty or nolo contendere shall be accepted by a court without first determining, in open court, with means of recording the proceedings stenographically or by mechanical means, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness, and that there is a factual basis for the plea of guilty."
In the case at bar the trial court did not ascertain the particulars of the robbery to which appellant admitted his guilt, although he did go into the particulars of the dropped assault charge which revealed that appellant caved in his victim's face necessitating plastic surgery and resulting in permanent injuries to the victim.
Article V, Section 2, of the Florida Constitution (1973) provides, inter alia: "The Supreme Court shall adopt rules for the practice and procedure in all courts... ." Criminal Procedure Rule 3.170(j) mandatorily requires that a trial *148 judge first ascertain "the circumstances surrounding the plea" prior to accepting a plea of guilty. The rule precludes acceptance of a plea of guilty by a trial judge unless he makes the inquiry detailed therein.
The mandatory language of Florida Rule of Criminal Procedure 3.170 (j) dictates that this Court set aside any guilty plea which is received without the stated inquiry. The mandatory language of the cited rule does not allow this Court to determine if the trial court's lack of inquiry resulted in any prejudicial error to the appellant. Our review of this record reveals that the appellant has not even contended that he was prejudiced by the trial court's refusal to inquire into the factual basis of his plea of guilty; however, the Supreme Court, in its wisdom or lack of wisdom, has adopted a Rule of Procedure which precludes acceptance of a plea of guilty by a trial judge unless he makes the inquiries detailed therein. It is not, in our opinion, the prerogative of the trial court or this Court to flagrantly refuse to comply with the mandatory language of the highest court of this sovereign, even though we strenuously disagree with their promulgation. We regret that, in this instant cause, taxpayers' money will be wasted by the setting aside of the instant plea. Nevertheless, the judgment appealed is reversed with instructions that the trial court comply with the mandatory language of Criminal Rule of Procedure 3.170(j).
JOHNSON, J., concurs.
SPECTOR, J., dissents.
SPECTOR, Judge (dissenting).
I respectfully dissent. Appellant has failed to allege or contend that he was prejudiced by the trial judge's failure to inquire into the existence of a factual basis for his guilty plea. Inquiry as to factual basis is decreed by a mere rule of procedure. It is not chiseled in the granite of which our constitution is made.
The rule has a salutary purpose; that being to see that persons accused of crime do not unwittingly admit to guilt of crimes they did not commit. That the trial judge erred in not making inquiry as to factual basis is beyond question.
That the appellant was prejudiced by that error is not even contended by him. That an appellate court will not reverse for admitted error in the absence of a showing that the appellant was prejudiced by that error is so well ingrained in the jurisprudence of this and every other state in the union that specific authority for affirmance need not be set forth.
I would affirm.