308 So.2d 152 (1975)
Bunyan L. KENDRICK, Appellant,
v.
STATE of Florida, Appellee.
Nos. 74-744, 74-745.
District Court of Appeal of Florida, Second District.
February 7, 1975.
Rehearing Denied March 10, 1975.
*153 James A. Gardner, Public Defender, Sarasota, and Harold H. Moore, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Appellant was charged by two informations with aggravated assault with a knife and resisting arrest with violence. He pled not guilty; however, on the date set for trial he withdrew the not guilty pleas and pled guilty to the aggravated assault and the lesser included offense of resisting an officer without violence. Prior to accepting the pleas the court determined that they were made freely and voluntarily. However, at this time the court did not inquire into and determine a factual basis for the pleas.
Thereafter a presentence investigation was conducted and the court also had the depositions of witnesses before it. At sentencing the appellant denied having a knife which was the basis of the aggravated assault. Notwithstanding this, the court, after reading the witnesses' depositions in which they testified that they had seen the appellant with a knife, sentenced appellant to three years on the aggravated assault offense.
Rule 3.170(j), FRCrP, requires the court to determine that there is a factual basis for the plea. The United States Supreme Court in interpreting Rule 11 of the Federal Rules of Criminal Procedure in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, which is similar to our rule, stated at page 467, 89 S.Ct. at page 1171, 22 L.Ed.2d at page 426:
... The judge must determine "that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge."
*154 The appellant, by denying he was in the possession of a knife, in effect had pled guilty to an offense which was not established by his admissions of facts necessary to prove the offense charged.
In our view, the factual basis for the plea of guilty referred to in Criminal Procedure Rule 3.170(j) must be facts to which the defendant admits and that a guilty plea should not be accepted even if there is a conflict with other witnesses or evidence which does support the factual basis for the plea.
In North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, the defendant, even though claiming to be innocent of the homicide, pled guilty to second degree murder in order to limit the possible penalty of the original charge of first degree murder. The United States Supreme Court in Alford sustained the plea, notwithstanding the fact that Alford claimed to be innocent, on the ground that he was represented by competent counsel whose advice was the plea would be to his advantage as limiting the possible penalty and that he intelligently concluded that his best interests would be served by pleading guilty to the lesser offense. In the case at bar, the appellant was originally charged with aggravated assault and therefore could receive no advantages as were present in Alford, supra.
Appellant also contends that there was no factual basis determined for his guilty plea to resisting arrest without violence. He has not alleged any prejudice stemming from the absence of a determination of a factual basis for this plea and, therefore, under Hall v. State, Fla.App.2d 1974, 303 So.2d 417, the judgment and sentence on this charge is affirmed.[1]
The other point raised on appeal by appellant has been considered and found to be without merit.
For the foregoing reasons the judgment and sentence for aggravated assault is reversed and remanded with the opportunity for appellant to change his plea to not guilty. The judgment and sentence entered on the offense of resisting arrest without violence is affirmed.
Affirmed in part and reversed in part and remanded.
McNULTY, C.J., concurs.
BOARDMAN, J., concurs in conclusion only.
NOTES
[1] The Hall case has been certified to the Florida Supreme Court and is still pending.