309 So.2d 226 (1975)
Carl J. HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1296.
District Court of Appeal of Florida, Second District.
March 14, 1975.
James A. Gardner, Public Defender, Sarasota, Harold H. Moore, Asst. Public Defender, Bradenton, and Tania Ostapoff, Student Asst., Gainesville, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
The sole question on this appeal is whether the court ascertained that there was a factual basis for the appellant's plea of guilty.
The appellant, who originally pled not guilty to two counts of uttering a forged instrument, was represented by the Public Defender in the trial court. After a jury was impaneled, appellant, through his counsel, moved to change his plea to guilty. Before accepting his plea the trial court conducted a thorough interrogation to determine the voluntariness of the plea. During the colloquy the court determined the appellant was 23 years old, had completed the tenth grade and later had received the equivalent of a high school diploma and through his present knowledge and background experience was completely conversant with the charges against him and the nature of court proceedings generally. The court also determined the appellant had been in consultation with his counsel and had been advised of his rights of trial by jury, to be confronted by his accusers, his right against self incrimination and that his plea of guilty would constitute a waiver of these rights. Cf. Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 *227 L.Ed.2d 274. The appellant well understood the maximum penalty for the crime charged against him and testified that no threats or promises had been made to induce him to plead guilty. Before his plea was accepted he was given a further opportunity to consult with his attorney and expressed satisfaction with representation by his counsel.
We summarize the foregoing to emphasize and commend this thoroughness on the part of the court in complying with RCrP 3.170(j) which requires that a plea of guilty reflect a defendant's full understanding of the significance of his plea and its voluntariness. But in addition to the requirement of voluntariness, RCrP 3.170(j) also requires "... that there is a factual basis for the plea of guilty." It is to this point alone appellant addresses his argument.
The reason for the required showing of "factual basis" is to protect an accused who pleads guilty by assuring he does so with an understanding of the nature of the charges against him and to prevent him from pleading guilty without realizing that his conduct does not actually fall within the charge. See McCarthy v. U.S., 1968, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed. 418.[1] In outlining the nature of compliance the Fourth District Court of Appeal in Church v. State, Fla.App.4th 1974, 299 So.2d 649, states:
"Of course, it is not mandatory that the court personally conduct the interrogation of the accused for this purpose. Some of the acceptable alternatives as approved in the federal cases is for the court to take testimony from one or more witnesses sufficient to show a factual basis for the plea, or to have the prosecuting attorney give a detailed recitation of the evidence against the defendant in his presence, without his objection or contradiction and with his subsequent admission as to the truth of the evidence recited."
A determination of factual basis should be conducted in a frank and dignified colloquy but is not required to follow any formal litany or ritual. The extent of the proceeding should take into consideration many factors including the accused's background, maturity, education and experience. Any doubts or questions which an accused raises should be resolved. Some crimes may well require a more searching inquiry, e.g. a crime where scienter is an element of proof. Here the trial court's colloquy was with a mature, intelligent accused who had been in close contact with his counsel, and who neither objected or contradicted the outline of proof offered by the prosecutor. This is distinguishable from where the accused denies certain facts and it then becomes apparent that the accused may be pleading guilty to an offense not established by his admission of facts necessary to prove the offense charged. Kendrick v. State, Fla.App.2d 1975, 308 So.2d 152. Here the trial court made a conscientious effort to comply with the requirements of RCrP 3.170(j). In addition to determining voluntariness he reviewed the charges against the appellant, conducted an extensive colloquy with counsel *228 for the state and the appellant, and prior to the plea the court had received into evidence a stipulation concerning the appellant's handwriting. Finally, after the appellant changed his plea to guilty, the court required the state attorney to outline the basis of the charges against the defendant.[2] Incidentally, it would have been helpful in the case sub judice for the prosecuting attorney to furnish a more detailed outline as to the evidence to be presented, however, in the total context of the defendant's plea of guilty we think that "factual basis" was properly accomplished.
The thrust of appellant's argument is predicated on the fact that upon being sentenced some two weeks after the plea of guilty was entered and after the jury was discharged and the trial court received the presentence investigation the appellant stated:
"Yes, I committed the acts, your Honor. I committed the acts of uttering the forged instruments but not knowing at the time the instruments were forged."
This statement was in conflict with the appellant's attitude on the occasion of entering his plea. At that time the prosecuting attorney had witnesses present to establish the forgery. That was the time for any such denial and in such event the trial court undoubtedly would have enlarged and expanded the extent of his colloquy. Under the circumstances appellant's statement, after "factual basis" had been established at the time of the plea, was not sufficient to negate the court's prior determination.
The trial court having determined by the colloquy at the time of the appellant's plea that there was a proper factual basis of the appellant's plea, the judgment and sentence of the lower court is affirmed.
BOARDMAN, Acting C.J., concurs specially.
GRIMES, J., concurs.
BOARDMAN, Acting Chief Judge (concurring specially).
RCrP 3.170(j) does not require the trial judge to personally conduct the colloquy with the defendant, but it does require that the record reflect that there was a factual basis for the acceptance of the guilty plea. The assistant state attorney summarized before the trial court the evidence he proposed to prove the state's case as set out in footnote 2 of the majority opinion. This summation by the prosecutor indicates a sufficient factual basis for the guilty plea. Appellant was present and afforded ample opportunity to confer with his counsel, but declined to do so, prior to the trial judge's acceptance of his change of plea.
On the foregoing rationale that RCrP 3.170(j) was complied with, I would concur in affirming the judgment and sentence. I am still of the same view as my dissent in Foy B. Hall v. State, Fla.App.2d, 1974, 303 So.2d 417, that the failure of the record to reflect a factual basis is not harmless error.
NOTES
[1] There has been a conflict among the District Courts of Appeal on the question as to whether or not compliance with the "factual basis" requirement of Rule 3.170(j) is mandatory. While the First District in Lyles v. State, Fla.App.1st 1974, 299 So.2d 146, has held that compliance with the rule is mandatory, this court in Hall v. State, Fla.App.2d 1974, 303 So.2d 417, with Judge Boardman dissenting, held that failure of the court to inquire into existence of a factual basis of a plea of guilty is a harmless error absent a showing of prejudice. This court on November 13, 1974, certified in Hall v. State (not related to case sub judice) the following question to the Supreme Court of Florida:

"Is it reversible error for the trial court to have accepted a plea of guilty without first ascertaining that there is a factual basis for the plea of guilty where the defendant does not contend that there was no factual basis for the guilty plea or that he was mistaken in the belief that his conduct amounted to an admission of the crime charged and to which he pleaded guilty?"
[2] "Your Honor, the Defendant is accused of having cashed two different checks in two different places, both checks having been stolen and forged. The persons to whom the checks were given have been able to identify the Defendant positively as being the person that did it. We have two handwriting experts' testimony that will indicate, one of them being positive, that one of the signatures is the handwriting of the Defendant. The other expert cannot state positively but says there are many similar characteristics. He is here to testify and point out the similar characteristics to the jury."