PER CURIAM.
These appeals are from an Order revoking probation and sentencing appellant to S years for a prior offense of breaking and entering with intent to commit a misdemeanor (appellant pled guilty to a violation of probation); and from a charge of breaking and entering with intent to commit a misdemeanor and sentence of 5 years, the sentences to run concurrently.
Appellant violated his probation which had been imposed in March 1973, by a new breaking and entering in May of 1974. A Rule to Show Cause why probation should not be revoked was issued. Hearing was held on November 1, 1974 on the revocation, to which no contest was pled. At the same time, the appellant, accompanied by his attorney, withdrew his plea of not guilty in the second breaking and entering case and entered plea of guilty of lesser offense. Before accepting the latter plea to the lesser offense, the trial court explained to appellant what he meant by the plea, that is, stealing something of less than a hundred dollars and for the breaking and entering with intent to commit a felony, he could be sentenced to 5 years. Appellant admitted he understood this. The court also pointed out to him about the rights he was waiving and inquired of promises. The court did admit that he had agreed with counsel for appellant that any sentences would be concurrent. The court also inquired if appellant was well pleased with the services of his attorney. Also there was further conversation between the court and appellant, relevant to the appellant and his father and his intention to give himself up to the law. There was more than enough treatment of the factual situation contained in the record that the appellant could not merit any appeal based on the provisions of Criminal Procedure Rule 3.170.
*122 Neither the philosophy in Estes v. State, 294 So.2d 122 (Fla.App. 1st, 1974) nor Lyles v. State, 299 So.2d 146 (Fla.App. 1st, 1974), cases of this Court, are applicable. The Rule was not violated and therefore the judgments and sentences are
Affirmed.
JOHNSON, Acting C. J., BOYER and MILLS, JJ., concur.