316 So.2d 277 (1975)
STATE of Florida, Petitioner,
v.
Lamar LYLES, Respondent.
No. 46320.
Supreme Court of Florida.
June 23, 1975.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for petitioner.
David J. Busch, Asst. Public Defender, for respondent.
*278 OVERTON, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the First District Court of Appeal reported at 299 So.2d 146 (Fla.App. 1st 1974). The decision sought to be reviewed conflicts with Estes v. State, 294 So.2d 122 (Fla. App. 1st 1974); Hall v. State, 303 So.2d 417 (Fla.App.2d 1974); and Williams v. State, 316 So.2d 303 (Fla.App.2d 1974). We have jurisdiction under Article V, Section 3(b)(3), Florida Constitution.
At issue is the failure of the trial court to ascertain the particulars of the robbery to which the defendant admitted his guilt. It is alleged that this shortcoming violates Rule of Criminal Procedure 3.170(j) which requires the court to determine "that there is a factual basis for the plea." The First District held in the instant case that the language of the aforementioned rule was mandatory and did not allow the appellate court an opportunity to determine whether the trial court's lack of inquiry resulted in prejudicial error to the defendant. The District Court vacated the plea and remanded the cause to the trial court.
The principles of our decision in Williams v. State, 316 So.2d 267 (Fla. 1975), are applicable to this cause.
The record in the instant case reflects that the trial court made only limited inquiry of a 19-year-old defendant. Present with the defendant before the court were four members of his family. After the defendant was advised of the offense and penalty, the following inquiry and response appear in the record:
"THE COURT: By pleading guilty you have admitted that the State can prove each essential allegation of that crime. Do you understand that?
"MR. LYLES: (Nods head.)"
Also during this inquiry, the trial court asked this question:
"THE COURT: ... Have you had an opportunity to talk to Mr. Cosgrove, your attorney, about ... any possible defenses you may have for this charge and the consequences of your entering a guilty plea here today?"
to which the defendant-Lyles answered, "Yes, sir."
At the sentencing proceedings approximately three weeks later the following colloquy took place:
"THE COURT: The victim in this case, which you decided that you would beat up seriously 
"MR. LYLES: I assaulted the man because he was trying to take my money. He was cheating me.
"THE COURT: So you caved in his face, which necessitated having plastic surgery. You broke him up inside, which necessitated to have his stomach cut up and the man has permanent injuries, and that's the excuse you have? Did you ever think of calling the police?
"MR. LYLES: No, sir. At the time, I was under the influence of alcohol and marijuana.
"THE COURT: Well, I think I'm going to put you away where you're not going to get either one. Anything else?
"MR. LYLES: No, sir."
No further inquiry was made concerning the inference of a possible defense to the charge.
The factual circumstances of this case are very similar to those in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). When such circumstances are present, the trial judge should make a searching inquiry to determine whether the defendant understands that the plea waives any asserted defense. While we do not agree with the District Court that the plea should be vacated, the statements made by the defendant, coupled with the trial judge's failure to ascertain *279 the factual basis for the plea, is sufficient to require further inquiry by the trial court. We are not vacating the plea at this time as was done in McCarthy v. United States, supra.
We direct the District Court to remand this cause to the trial court for the following purposes: (a) to make inquiry of the defendant and his counsel concerning their discussions relative to the defenses to the charge; (b) to receive evidence of a factual basis for the plea; and (c) to allow the defendant an opportunity to present evidence on his own behalf to show how, if at all, manifest injustice occurred.
The decision of the District Court is quashed, and the cause is remanded with directions to remand this cause to the trial court for proceedings consistent with this opinion.
It is so ordered.
ADKINS, C.J., ROBERTS and ENGLAND, JJ., and CARLISLE, Circuit Judge, concur.