316 So.2d 276 (1975)
William ESTES, Petitioner,
v.
STATE of Florida, Respondent.
No. 45785.
Supreme Court of Florida.
June 23, 1975.
David J. Busch, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Enoch J. Whitney and Gerry B. Rose, Asst. Attys. Gen., for respondent.
OVERTON, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the First District Court of Appeal reported at 294 So.2d 122 (Fla.App. 1st 1974). The decision sought to be reviewed conflicts with another decision of the same court, Lyles v. State, 299 So.2d 146 (Fla.App. 1st 1974). At issue in this cause is the appropriateness of the guilty plea procedure and the apparent failure of the trial judge to make a full inquiry into the factual basis for the plea, pursuant to Rule of Criminal Procedure 3.170(j). The First District has itself recognized the conflict of its own decisions. We have jurisdiction under Article V, Section 3(b)(3), Florida Constitution.
The record of the plea clearly reflects that the defendant voluntarily entered the plea with knowledge of the consequences. Concerning the particular offense with which the defendant was charged, the following inquiry and response appear:
"THE COURT: By pleading guilty you have admitted that you have committed the crime, and the State has abandoned the first count, which was possession of hallucinogenic drugs, but you have further admitted that the State can prove the sale of hallucinogenic drugs, do you understand that?
"MR. ESTES: Yes, sir."
The record further reflects that the court had agreed to impose a two year sentence for this offense, for which the maximum penalty was five years. The defendant understood and approved this agreement.
*277 Williams v. State, 316 So.2d 267 (Fla. 1975), is controlling. There has been no showing by the defendant of prejudice or manifest injustice. We agree with the District Court of Appeal that the defendant has failed to demonstrate in this record how he has been prejudiced by the particular guilty plea procedure used in this cause. We do not agree, however, with the holding of the District Court that "the factual basis clause in that rule [Rule 3.170(j)] is inapplicable in cases where the guilty plea is the result of plea bargaining." The fact that the plea is negotiated does not eliminate the "factual basis" requirement from the rule. When the rule has not been complied with, the plea is subject to attack on the manifest injustice standard set forth in Williams v. State, supra.
The result reached by the District Court is affirmed.
It is so ordered.
ADKINS, C.J., ROBERTS and ENGLAND, JJ., and CARLISLE, Circuit Judge, concur.