PER CURIAM.
Appellant was placed on probation after pleading guilty to possession of over five grams of marijuana and viola *483 tion of the drug abuse law. On appeal he contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea and proceed to trial on the merits. We affirm.
Rule 3.170(f), F.Cr.P., provides:
“(f) Withdrawal of Plea of Guilty. The court may, in its discretion, and shall upon good cause, at any time before a sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereof, set aside such judgment, and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty.
“The fact that a defendant may have entered a plea of guilty and later withdrawn said plea, may not be used against him in a trial of that cause.”
Appellant contends good cause was shown based on two factors, (1) that the factual basis did not allege a prima facie case against him, and (2) because his public defender advised him that he could plead guilty and get probation. “He [public defender] said it was the easiest way out.” With regard to the factual basis, appellant alleges no prejudice; therefore, any alleged insufficiency does not constitute reversible error. Willis v. State, 312 So.2d 522, Fourth District Court of Appeal, opinion filed May 16, 1975. With regard to the second basis, the language in State v. Pinto, 273 So.2d 408, at 411, (3d DCA Fla.1973) is applicable:
“A defendant often pleads guilty after consultation and advice from his attorney. Such a decision is a tactical one and may not be whimsically revoked at a later time. Belsky v. State, Fla.App.1970, 231 So.2d 256; Simpson v. State, Fla.App. 1964, 164 So.2d 224. Where, as here, the guilty plea was entered upon advice of counsel and where the record shows a full examination by the court and the defendant’s concurrence in the plea, the record clearly refutes the defendant’s later assertion that the plea was not voluntary.”
Additionally, at the ABA hearing appellant specifically denied he was pleading guilty because his attorney advised him to do so.
Therefore, we hold that the trial court did not abuse its discretion in denying appellant’s motion to withdraw his guilty plea.
Affirmed.
OWEN, C. J., and WALDEN and DOW-NEY, JJ., concur.