336 So.2d 353 (1976)
STATE of Florida, Petitioner,
v.
Bunyan L. KENDRICK, Jr., Respondent.
No. 47116.
Supreme Court of Florida.
June 9, 1976.
Rehearing Denied September 7, 1976.
*354 Robert L. Shevin, Atty. Gen., and Richard G. Pippinger, Asst. Atty. Gen., for petitioner.
James A. Gardner, Public Defender, and Harold H. Moore and Steven H. Denman, Asst. Public Defenders, for respondent.
ADKINS, Justice.
Certiorari was granted to review a decision of the District Court of Appeal, Second District (Kendrick v. State, 308 So.2d 152), on ground of direct conflict with a decision of this Court.
Charged with aggravated assault and with resisting arrest with violence, respondent pleaded not guilty. Then, on the date set for trial, he withdrew the not guilty pleas and pleaded guilty to aggravated assault and to resisting arrest without violence. At the change-of-plea proceedings, the trial court accepted the guilty pleas after determining that they were freely and voluntarily made. But the court failed, at that time, to determine a factual basis for the pleas.
At the sentencing proceeding, however, the trial court considered the presentence investigation report; the court also considered depositions in which witnesses stated that respondent possessed a knife at the time of the alleged aggravated assault. Respondent denied possession of a knife. Nevertheless, the court sentenced respondent to three years on the aggravated assault charge. Respondent was also sentenced on the charge of resisting arrest without violence.
Respondent appealed to the District Court of Appeal, challenging the guilty pleas because of the trial court's failure to determine their factual basis. The District Court of Appeal [Kendrick v. State, 308 So.2d 152 (Fla.App.2nd, 1975), hereinafter referred to as Kendrick] affirmed the judgment and sentence on the charge of resisting arrest without violence, holding that respondent failed to allege any prejudice stemming from the lack of a factual basis determination for the plea relating to that charge. But the District Court reversed the judgment and sentence for aggravated assault, implicitly holding that the trial court's failure to adequately determine a factual basis resulted in prejudice when respondent denied possession of a knife. The District Court "remanded with the opportunity for appellant [respondent here] to change his plea to not guilty." 308 So.2d at 154.
Subsequently, the State filed a petition for writ of certiorari with this Court, claiming that the decision of the District Court of Appeal conflicts with the following decisions: Hall v. State, 309 So.2d 226 (Fla.App.2nd, 1975); Estes v. State, 294 So.2d 122 (Fla.App.1st, 1975); Mower v. State, 308 So.2d 586 (Fla.App.1st, 1975); and Reyes v. Kelly, 224 So.2d 303 (Fla. 1969).
The circumstances of the Kendrick and Hall cases are strikingly similar. The defendants in both cases entered guilty pleas which the respective trial courts accepted. At the sentencing proceedings, the defendants in both cases denied elements of the charges against them; despite the denials, both trial courts sentenced the defendants. Yet, where the Kendrick court reversed judgment and sentence, the Hall court affirmed judgment and sentence. But as the Hall court specifically stated, the two cases are distinguishable. See Hall v. State, supra at 227. Upon review of the Hall decision, it is clear that the trial court therein made adequate inquiry into the factual basis of the guilty plea. It is equally clear that the trial court in Kendrick failed to *355 make an adequate inquiry. The two cases are not in conflict.
There is no conflict with Estes v. State, supra. The defendant in Estes did not "say or contend that indeed there was no factual basis for his guilty plea." 294 So.2d at 123. Further, the conflict within the Estes opinion was resolved by this Court in Estes v. State, 316 So.2d 276 (Fla. 1975), when we recognized that "[t]he fact that the plea is negotiated does not eliminate the `factual basis' requirement... ." 316 So.2d at 277.
Nor is there conflict with Mower v. State, supra. In Mower, the District Court noted that the trial judge made adequate inquiry into the factual basis of the defendant's guilty plea; judgment and sentence were affirmed. Further, the Mower opinion does not indicate that the defendant, during the course of the trial court proceedings, disputed the evidence or denied any element of the crime charged.
Finally, Kendrick does not conflict with Reyes v. Kelly, supra. The issue in Reyes was whether the trial court's acceptance of the defendant's plea of guilty caused former jeopardy to attach. The dictum in which the Reyes court construed the predecessor of Florida Rule of Criminal Procedure 3.170(j) generates no conflict because the factual basis requirement was not added to the rule until after Reyes. See In re Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla. 1972).
Thus, the decision below conflicts with none of the four decisions suggested by the State. But as will be shown herein, the decision below does conflict with a decision of this Court. Accordingly, we have jurisdiction pursuant to Fla. Const. art. V, § 3(b)(3), F.S.A.
It is settled that the presence of a deadly weapon is an essential element of aggravated assault. See, e.g., Goswick v. State, 143 So.2d 817, 820 (Fla. 1962). In the instant case, respondent denied possession of a deadly weapon  specifically, a knife.
This Court recently recognized that where a defendant claims a defense during the course of a guilty plea proceeding, the plea may be subject to attack. Williams v. State, 316 So.2d 267, 273 (Fla. 1975). But in order to challenge a guilty plea for lack of a factual basis determination by the trial judge, a defendant must show prejudice or manifest injustice. Id. at 275. Where a defendant raises the possibility of a defense to his guilty plea, the potential prejudice is apparent. In such circumstances, a trial judge should make extensive inquiry into factual basis before accepting the guilty plea. See State v. Lyles, 316 So.2d 277 (Fla. 1975). Correspondingly, the showing in the record of the source of the factual information supporting the plea (required by Williams v. State, supra at 273) should be made with greater specificity than was done in the instant case.
The court below reversed the judgment and sentence for aggravated assault. That result conflicts with the result reached by this Court in State v. Lyles, supra, where we indicated that a plea entered and accepted under the above-outlined circumstances should not be vacated. In Lyles, we stated:
"We direct the District Court to remand this cause to the trial court for the following purposes: (a) to make inquiry of the defendant and his counsel concerning their discussions relative to the defenses to the charge; (b) to receive evidence of a factual basis for the plea; and (c) to allow the defendant an opportunity to present evidence on his own behalf to show how, if at all, manifest injustice occurred." 316 So.2d at 279.
In our opinion, the Lyles result is the proper one. Accordingly, the decision of the District Court is quashed. The cause is remanded with directions to remand this cause to the trial court for proceedings consistent with Lyles and with this opinion.
It is so ordered.
OVERTON, C.J., and ROBERTS, BOYD and ENGLAND, JJ., concur.