BOYER, Chief Judge.
Appealing a judgment of guilt and resulting sentence, appellant urges that the trial court erred or abused its discretion in denying appellant’s motion to withdraw his plea of nolo contendere made prior to imposition of sentence. The State denies that the trial court so erred or abused its discretion and further claims that no Florida Rule of Criminal Procedure provides for the withdrawal of a plea of nolo contendere.
Our review of the record reveals that appellant’s plea of nolo contendere was incident to a plea bargaining agreement, that a factual basis for the plea was adduced, that appellant understood the effect of the plea and that the trial court neither erred nor abused its discretion in denying the subsequent motion to withdraw the plea. (See Qualls v. State, Fla.App. 4th 1975, 315 So.2d 482) However, we do not agree with the State’s contention that a plea of nolo contendere is etched in granite and may not be withdrawn. Although this case does not involve a situation in which the trial judge failed to concur in a plea agreement within the contemplation of Rule 3.171(c) RCrP, that rule clearly contemplates situations in which a plea of nolo contendere may be withdrawn. Although Rule 3.170(f) refers only to a plea of guilty we are of the view that a trial court may, in its discretion, for good cause shown at anytime before sentencing, permit a plea of nolo contendere to be withdrawn.
AFFIRMED.
RAWLS and McCORD, JJ., concur.