McCORD, Judge.
Appellant was charged in four separate two-count informations with (1) grand larceny and receiving and concealing stolen property, (2) burglary of a conveyance and grand larceny, (3) burglary of a conveyance and grand larceny (4) burglary of a structure and grand larceny. He entered not guilty pleas to all of the foregoing charges, but subsequently appeared before the court with counsel and by agreement with the state pled guilty to “receiving and concealing stolen property, four Counts.” The state and the defendant’s counsel stipulated that receiving and concealing stolen property is a lesser included offense of the offense of grand larceny charged in three of the informations. The state agreed to nol pros all counts to which the defendant did not plead guilty. No factual basis for the guilty pleas was stated or shown on the record.
On a later date when defendant appeared before the court for sentencing, he stated that he was not guilty of the crime; that the man who turned the property over to him was broken down on the side of the road and told him to take the “stuff” down to the pawn shop; that he “didn’t know the stuff was stolen.” In response to the Court’s question, the state attorney indicated that one of the offenses was perhaps one for which another defendant had been tried, and that Carter had testified fully about the transaction in that trial. The judge then asked defendant if he had lied at that trial and the defendant replied that he wasn’t in that trial; but upon being asked by the state attorney if he testified in that trial, the defendant answered, “Yes, sir.” The judge indicated that he remembered the trial and he then adjudged defendant guilty and sentenced him. There is no indication in the record that defendant’s counsel discussed with him possible defenses to the crimes to which he pled guilty.
This cause is remanded to the trial court for the following purposes: (a) to make inquiry of the defendant and his counsel concerning their discussions relative to the defenses to the charges; (b) to receive evidence of a factual basis for the pleas in the light of the possible defense of lack of knowledge that the property was stolen; and (c) to allow the defendant an opportunity to present evidence on his own behalf to show how, if at all, manifest injustice occurred by the acceptance of his plea. See Williams v. State, 316 So.2d 267 (Fla.1975); State v. Lyles, 316 So.2d 277 (Fla.1975); State v. Kendrick, 336 So.2d 353 (Fla.1976); and Andrews v. State, 343 So.2d 844 (Fla. 1 DCA 1976). The trial court shall thereafter enter such order as it deems appropriate and should such order not vacate the judgments, sentences and guilty pleas, appellant shall, within 15 days thereafter, file with this court a supplemental transcript including the proceedings here directed and the order of the trial judge thereon. With the transcript, appellant shall file such further brief as he may desire, and appellee may, within 10 days thereafter, file its further brief.
RAWLS, Acting C. J„ and SMITH, J., concur.