DAUKSCH, Judge,
dissenting:
I must respectfully dissent because I do not feel the judge who took the Defendant’s plea even attempted to comply with the dictates of State v. Lyles, 316 So.2d 277 (Fla.1975). At best the factual basis for the plea shows the Defendant may have committed a trespass after he had been drinking and had an accident. It should have been obvious to the trial judge the Defendant was attempting to “excuse” his conduct by alleging his intoxication at the time he was found in the building. Further, there was no showing the Defendant “entered without breaking with the intent to commit a misdemeanor”; there was only a showing that the Defendant was found in a building. Additionally, there should have been a determination whether the Defendant had discussed the intoxication defense with his court appointed attorney. Entering without breaking is an intent crime and intent can be vitiated by voluntary intoxication. Cirack v. State, 201 So.2d 706 (Fla.1967).
I feel this case is squarely within the Lyles, supra, rule and the matter should at least be remanded as happened in Lyles, supra.
I do not suggest any error arose thru Judge Sample since he only sentenced the Appellant and did not take the plea.