MASON (Circuit Judge, Retired), Associate Judge:
This is an appeal from an order of the Circuit Court of Bradford County denying appellant’s motion to vacate a judgment of conviction based upon a plea of guilty and sentence thereon entered and pronounced by that court, said motion having been made pursuant to Rule 3.850, Fla. Rules of Criminal Procedure.
The thrust of the motion was that the judgment and sentence was void because the plea of guilty was not voluntarily entered due to ineffective counsel in the person of the Public Defender, and because of the failure of the trial court to make inquiry into the factual basis for the plea of guilty. The trial court denied this motion, stating in his order of denial that upon a review of the transcripts of the change of plea and sentencing proceeding he found the motion to be without merit.
The alleged basis for appellant’s charge that his counsel was ineffective was the alleged failure of such counsel to inform the judge who accepted his plea of guilty that he had a “jail alibi”; that is to say, that he could not have committed the offense on the day alleged in the information, viz August 17, 1968, because he was in jail on that date. The trial judge who denied the motion to vacate recited in connection with this claim that “it further appears from the pre-sentence report that all parties and counsel were aware of the obvious error in the date of the offense charged . and therefore cannot now be heard on the relief sought.”
Prior to filing the motion to vacate appellant filed a petition for writ of error coram nobis. This petition was likewise denied by the court below in the same order denying the motion to vacate, the court reciting his reason therefor that this ancient writ has been abolished. No appeal has been filed from this part of the court’s order so we are not called upon to pass upon the correctness of this order of the court below, nor to consider whether such petition should have been addressed to an appellate court rather than the trial court. Inferentially, however, we are impelled to observe that although the writ has been abolished in civil cases by Rule 1.540(b), Fla. Rules of Civil Procedure, our Supreme Court has recently *CXVIII held that it is still viable in criminal cases. Hallman v. State, Fla., 371 So.2d 482 (1979).
The record as first filed in this court being incomplete we, sua sponte, by order of date September 7th, 1979, directed the lower court to forward to us the complete record in this cause. That has been done and upon a review of the entire record now before us we conclude that the trial court did not commit error in denying the motion to vacate. In so concluding we find: (1) that the plea of guilty by appellant was freely and voluntarily proffered by him without any promise of reward or threats or coercion, (2) that such proffer was made only after consultation with his counsel who the record shows fully, adequately and competently advised him, (3) that the trial judge made detailed and full inquiry before accepting said plea, (4) that appellant’s mother was present when the plea was proffered, (5) that appellant’s mother was consulted by his counsel before the proffer was made, (6) that the so-called “jail alibi” had the appellant gone to trial instead of pleading guilty would not have been proven for the record herein makes it clear that although the information charging the offense alleged that it was committed on August 17, 1968, this allegation resulted from a typographical error, and all parties at the time of the proffer of guilty plea knew the correct date to be July 17, 1968, and that appellant was in jail on August 17, 1968, as the result of his arrest on July 29th, 1968, on the charges contained in the information under which he plead guilty and was sentenced, and (7) that Rule 3.170(j) Fla. Rules of Criminal Procedure adopted December 6, 1972, by the Supreme Court, and which requires the court to determine the factual basis for a plea of guilty, was not in effect when the plea in question was entered by appellant and accepted by the court on October 16, 1968.
But even if it be conceded that absent a rule requiring the trial judge to make a factual determination as a basis for a plea of guilty such judge must make such determination, yet before a defendant may challenge such a plea for lack of a factual determination by the judge he must show prejudice or manifest injustice. State v. Kendrick, Fla., 336 So.2d 353 (1976). The record herein shows no such prejudice or manifest injustice.
Appellant has already served the sentence imposed upon him in this case and also the concurrent sentence of like term imposed upon him at the same time for violation of probation. What he apparently now seeks is an erasure of his record of conviction on the hope of acquittal of the charge to which he freely pled guilty, based upon a defense of “jail alibi” which the record herein clearly shows was and is without merit, because his jail presence upon which he claims to rely as an alibi was based upon his arrest and incarceration for the very offense to which he pled guilty herein.
The transcripts and pre-parole report which were before the trial judge who denied appellant’s motion to vacate fully substantiate the court’s denial of the motion without the necessity of an evidentiary hearing on the motion.
Affirmed.
McCORD, Acting C. J., and SHIVERS, J., concur.