SHARP, Judge,
dissenting.
This case merits more than a citation to Robinson v. State, 373 So.2d 898 (Fla. 1979), as the basis for dismissing Adams’ appeal. An interesting procedural question is posed and it should be forthrightly answered: Is the proper method to present a claim that the trial court accepted a nolo contendere plea without determining that there is a sufficient factual basis for the plea (as required by Florida Rule of Criminal Procedure 3.170(j)) by direct appeal, or by filing a motion with the trial court pursuant to Florida Rule of Criminal Procedure 3.850? The majority holds that the only method to raise this issue is by a rule 3.850 motion. I disagree.
In State v. Kendrick, 336 So.2d 353 (Fla. 1976), the defendant pled guilty to aggravated assault and resisting arrest. He appealed to the Second District Court of Appeal on the ground that the trial court failed to sufficiently establish a factual basis for the plea, because a defense was raised and not countered. The district court reversed the count of aggravated assault because it thought the appellant had established prejudice. The supreme court tacitly approved this direct appeal procedure by holding that the district court should, in a proper case, remand the case to the trial court in order for it to make further inquiries into the factual basis for the plea. See also Williams v. State, 316 So.2d 267 (Fla.1975).
In Kendrick, the supreme court mentioned with approval State v. Lyles, 316 So.2d 277 (Fla.1975), and Hall v. State, 309 So.2d 226 (Fla. 2d DCA 1975). Both cases involved appeals after defendants entered guilty pleas. On appeal they argued that there was an insufficient basis in the record to permit acceptance of their pleas. In Lyles, the supreme court directed that the case be remanded to the trial court for further inquiry. In Hall, the Second District Court of Appeal affirmed Hall’s conviction as it determined that there was a sufficient factual basis in the record for the trial court to accept the plea. See also Dydek v. State, 400 So.2d 1255 (Fla. 2d *437 DCA 1981); Waugh v. State, 388 So.2d 253 (Fla. 2d DCA), cert. dismissed, 394 So.2d 1154 (Fla.1980).
Nor do I think the adoption of section 924.06(3)[1] in 1977 changed the method of review for these types of appeals. In Robinson, the Florida Supreme Court cited Williams with approval. Williams was an appeal from a guilty plea challenging the basis for the plea. The Robinson court also stated:
[I]t is our opinion that the statute and our present rules reflect a codification of the existing case law which holds that a valid guilty plea conclusively disposes of all prior issues presented in the cause. The statutory language, ‘A defendant who pleads guilty ... shall have no right to a direct appeal,’ forecloses appeal from matters which took place before defendant agreed to a judgment of conviction. Neither the statute nor our present rules cut off a right of appeal from conduct that would invalidate the plea itself (Emphasis supplied).
Id. at 902.
Although the ground for invalidating a guilty plea or a nolo plea because of an insufficient factual basis in the record is not specifically mentioned in Robinson, the failure of the trial court to follow rule 3.170(j) makes the plea itself invalid on constitutional grounds.[2] A sentence based on that plea is, therefore, illegal. I would affirm this case because I think there was a sufficient basis in the record to sustain the guilty plea. Hall.

. § 924.06(3), Fla.Stat. (1981).

. Williams v. State, 316 So.2d 267 (Fla.1975).