## CLINTON v STATE OF FLORIDA
### Case No. 87-01-AP (County Court Case No. 86-3266-MM)
Fourth Judicial Circuit, Duval County
September 15, 1987

### APPEARANCES OF COUNSEL

**Norman J. Abbod** for appellant.

**Howard M. Maltz** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

JOHN M. McNATT, Circuit Judge.

Appellant was charged in the County Court (Division F) with "Sale or Distribution of Obscene Material" in violation of Section 847.011, Florida Statutes. The Information charged that defendant "did knowingly sell an obscene magazine, to wit: Head to Head staged color pictures, depicting acts or oral intercourse".

The case being ready for Trial and the selection of a jury about to

begin, defendant withdrew his plea of not guilty and entered a plea of Nolo Contendere. The record reflects that the following occurred:

"THE COURT: Mr. Clinton, did you hear the announcement of your attorney withdrawing your plea of not guilty and entering a plea of no contest? Do you wish to do that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: You realize it is set for jury selection and we are at this time ready to select a jury for trial in this case. Since you are indicated your plea of no contest, we are no longer entitled to have a jury trial as well as a trial before the Court. Do you understand that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Do you wish any additional time?

THE DEFENDANT: Yes, (No) sir.

THE COURT: Are you entering your plea at this time freely and voluntarily?

THE DEFENDANT: Right.

THE COURT: State have a recommendation?

MR. MALTZ: Yes, Your Honor, pursuant to negotiations with Mr. Abood and as Your Honor previously indicated, the State's recommendation is an adjudication of guilt and a fine in the amount of $250."

Defendant has appealed, primarily contending that error was committee by the trial judge in failing to make an independent determination of obscenity. As the information set out the obscenity, the trial judge did not need to look beyond that, and no request was made by defendant that he do so. The case relief on by Appellant, *Clicque v United States*, 514 F.2d 923, is readily distinguishable because it did not set forth the obscenity.

All contentions of Appellant are answered and refuted by the State at pages 5 and 6 of its brief as follows:

"The trial court committed no reversible error by failing to rule on the defendant's Motion to Dismiss or failing to review the obscene magazine. Likewise, no reversible error existed in the failure by the trial court to determine if a factual basis existed for the entry of the defendant's no contest plea.

144

It is easy to determine that no error was committed by failing to rule on the defendant's Motion to Dismiss since no such motion was ever filed. The defendant had considered filing such a Motion, however, later decided not to (R.8). Since the defendant never filed a Motion to Dismiss, the trial court could not rule on it; therefore, failure to rule clearly did not constitute any type of error.

Furthermore, the trial court's failure to examine the magazine to see if it was obscene did not constitute a reversible error. The arresting affidavit submitted to the court by the arresting officer stated that the magazine had previously been determined obscene (R.2). Further inquiry as to whether the magazine was obscene, is a question of fact to be determined by the trier of fact. The defendant decided to avoid a trial by entering a plea of no contest. By entering a plea of no contest, the defendant admitted all facts which were alleged. *Chesebrough v State,* 255 So.2d 675 (Fla. 1971), cert. denied, 406 U.S. 976 (1972). Since the defendant's plea of no contest admitted the fact that the magazine was obscene, it was therefore not necessary for the court to make an independent inquiry of obscenity. Therefore, the trial court committed no error.

Lastly, the trial court did not err by failing to ask whether a factual basis existed before accepting the no contest plea. The law is clear that where a defendant alleges that the trial court erred by not inquiring as to whether a factual basis exists, such an error will not be reversible, but rather harmless. *Estes v State,* 294 So.2d 122 (Fla. 1st DCA 1974), aff'd., 316 So.2d 276 (Fla. 1976); *Slot v State,* 315 So.2d 207 (Fla. 1st DCA 1975). *See also, Humphries v State,* 336 So.2d 432 (Fla. 1st DCA 1976). Furthermore, the Florida Supreme Court in *Hall v State,* 316 SO.2d 279 (Fla. 1975) stated that "the guilty plea procedures are designed to protect the defendant, not to provide a procedural technicality to avoid the administration of justice." *Id.* at 281. Therefore, the trial court committed no reversible error by failing to determine if a factual basis existed before accepting the defendant's plea."

The Court adopts the above as its opinion.

No reversible error having been made to appear the Judgment is affirmed and the case remanded to the County Court.

DONE AND ORDERED at Jacksonville, Duval County, FLorida, this 15th day of September, 1987.