ON MOTION FOR REHEARING

SHAHOOD, Judge.
We grant appellant’s Motion for Rehearing of our opinion filed October 2, 1996, and substitute the following opinion in its place.
Appellant, Carey Leslie, was charged by information with leaving the scene of an accident which resulted in injury to another person. Appellant raises two points on appeal. One issue raised by appellant is that the court erred by imposing restitution because there was no showing that any damage resulted from appellant’s act of leaving. We find that this issue was not preserved and accordingly affirm on this point. Appellant also argues that the trial court erred in failing to determine on the record whether a factual basis existed for her plea to the charge of leaving the scene of an accident. Appellee concedes error on this issue advanced by appellant and accordingly we remand to the trial court for a determination on the record as to whether a sufficient factual basis exists for the entry of and acceptance of the plea to the charge.
Appellant, in addition to the leaving the scene charge, was on probation for possession of cocaine and possession of drug paraphernalia. At a hearing before the trial court on both the violation of probation and leaving the scene of the accident charge, a plea arrangement was ultimately reached. During the plea hearing, appellant responded to the court’s inquiry as to what happened by stating the following:
[Leslie]: As far as the accident I hit the woman and she got out of the ear and there were several other people there, and I got scared and I left. I went about a mile-and-a-half and the car I was in stalled and I realized that I should go back to the scene of the accident, and I went back.
The Court: How did you get back?
[Leslie]: I got a ride.
The Court: Well, how did you run into this car in the first place?
[Leslie]: I was going down the side street and I didn’t see her coming.
The Court: You hit her head on.
[Leslie]: I was going this way (indicating) and she was coming this way (indicating), and I hit like the side of her.
The Court: Was she injured?
[Leslie]: No.
The Court: You did leave immediately because you were a little, you were scared?
[Leslie]: Yes.
The Court: And you knew at the time that there was a significant amount of damage to the ear?
[Leslie]: I really wasn’t sure. Everything happened so fast, I really wasn’t sure.
The Court: You didn’t stay and wait?
[Leslie]: No.
*306 The Court: All right. In addition to what the defendant admitted you’ll stipulate there’s a factual basis set forth in the probable cause affidavit as well as the warrant alleging that she violated her probation?
[Defense counsel]: Yes, Judge, for purposes of the plea.
As conceded by appellee, under the authority of State v. Lyles, 316 So.2d 277 (Fla.1975), and State v. Kendrick, 336 So.2d 353 (Fla.1976), this matter should be remanded for an inquiry. Where a defendant raises the possibility of a defense to his guilty plea, the trial judge should make an extensive inquiry into the factual basis before accepting the plea to prevent manifest injustice from occurring. Kendrick, 336 So.2d at 355. In accordance with Kendrick, 336 So.2d at 355, and Lyles, 316 So.2d at 279, the Florida Supreme Court set forth the following inquiry to be conducted on remand:
We direct the District Court to remand this cause to the trial court for the following purposes: (a) to make inquiry of the defendant and his counsel concerning their discussions relative to the defenses to the charge; (b) to receive evidence of a factual basis for the plea; and (c) to allow the defendant an opportunity to present evidence on his own behalf to show how, if at all, manifest injustice occurred.
This court in Brown v. State, 670 So.2d 1113, 1114 (Fla. 4th DCA 1996), followed the dictates of Kendrick and Lyles, and held that only “after this review, if the trial court finds that a manifest injustice has occurred, then the trial court must allow appellant the opportunity to vacate the plea.”
We accordingly remand this cause to the trial court for proceedings consistent with this opinion.
GUNTHER, C.J., and STONE, J., concur.