705 So.2d 631 (1998)
The STATE of Florida, Appellant,
v.
William Woodroy EVANS, Appellee.
No. 96-296.
District Court of Appeal of Florida, Third District.
January 14, 1998.
Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, for appellant.
Maier and Marchetta and Arthur E. Marchetta, Jr., Fort Lauderdale, for appellee.
Before COPE and LEVY, JJ., and BARKDULL, Senior Judge.

On Rehearing Granted
COPE, Judge.
On consideration of the State's motion for rehearing, we withdraw the opinion dated July 16, 1997, and substitute the following opinion:
The State appeals an order granting postconviction relief. We reverse.
*632 The trial court vacated defendant-appellee's plea of no contest to the charge of battery on a law enforcement officer (in this case, a correctional officer). During the plea colloquy, the defendant stated that he was not guilty but wanted to enter the plea. On motion for postconviction relief, the trial court accepted the argument that, under the circumstances, the standard plea colloquy was not sufficient and that the trial court should have conducted the more extensive inquiry into the basis for the plea contemplated by State v. Kendrick, 336 So.2d 353 (Fla.1976).[1] The trial court granted postconviction relief and vacated the plea based solely on a perceived inadequate plea inquiry.
The Kendrick decision elsewhere holds, however, that the plea is not to be vacated automatically, simply because the plea colloquy was insufficient. See id. at 354-55. That is so because a plea can only be vacated upon a showing of prejudice or manifest injustice. See id. at 355; Fla. R.Crim. P. 3.172(i). If the claim of innocence is meritless, or if, notwithstanding the claim of innocence, the defendant voluntarily and intelligently entered a plea of convenience, there would be no prejudice or manifest injustice. As stated in Kendrick:
"We direct the District Court to remand this cause to the trial court for the following purposes: (a) to make inquiry of the defendant and his counsel concerning their discussions relative to the defenses to the charge; (b) to receive evidence of a factual basis for the plea; and (c) to allow the defendant an opportunity to present evidence on his own behalf to show how, if at all, manifest injustice occurred."
Id. at 355 (quoting State v. Lyles, 316 So.2d 277, 279 (Fla.1975)).
The order under review is reversed and the cause remanded for further proceedings consistent herewith.[2]
NOTES
[1] As set forth in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970):

Because of the importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice, various state and federal court decisions properly caution that pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea, and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence.
Id. at 36-38 n. 10, 91 S.Ct. at 167 n. 10 (citations omitted).
[2] The State has argued that the defendant's motion should be viewed as a petition for writ of error coram nobis because he was sentenced to time served on the charge of battery on a law enforcement officer, and consequently is no longer in custody on that charge. Defendant thereafter was returned to custody of the Department of Corrections on convictions and sentences imposed by the circuit court in Broward County. By virtue of the conviction of battery on a law enforcement officer in the Dade County case, defendant has been rendered ineligible for early release on the Broward County cases. "[A] prisoner is `in custody' for the purpose of applying for postconviction relief from a judgment, the sentence for which has been satisfied, if the motion shows some relationship between the current confinement and the judgment to which the motion for relief is addressed such as would result in the prisoner's receiving credit in some degree on the current confinement." Rose v. State, 235 So.2d 353, 354 (Fla. 3d DCA 1970); see also Howarth v. State, 673 So.2d 580, 582 (Fla. 5th DCA 1996); Duenas v. State, 636 So.2d 549, 550 (Fla. 2d DCA 1994); McArthur v. State, 597 So.2d 406, 407 (Fla. 1st DCA 1992). Consequently, the defendant's motion is properly viewed as a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which was one of the alternative grounds invoked by defendant.