708 So.2d 337 (1998)
Kevin JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1198.
District Court of Appeal of Florida, Fourth District.
April 8, 1998.
Richard L. Jorandby, Public Defender, Marcy K. Allen, Assistant Public Defender, West Palm Beach, and Kevin Jones, Florida City, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Sarah B. Mayer and Elaine L. Thompson, Assistant Attorneys General, West Palm Beach, for appellee.
WARNER, Judge.
The appellant pled guilty to the crimes charged and was sentenced by the court. On appeal, the public defender filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing that it could not find any errors of arguable merit. We issued an order requiring the appellant to address one issue, namely whether the plea colloquy reflected that appellant had raised the possibility of defenses to the crimes charged, citing to Leslie v. State, 687 So.2d 304 (Fla. 4th DCA 1997), and Brown v. State, 670 So.2d 1113 (Fla. 4th DCA 1996). The public defender responded that these cases were distinguishable from the facts of the present case. While we agree with that assessment, on further reflection the issue that we asked the public defender to address does not pose one of arguable merit because it was not properly preserved for appeal.
Florida Rule of Appellate Procedure 9.140(b)(2)(B) provides that appeals from *338 guilty pleas and pleas of nolo contendere are extremely limited:
A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
(i) the lower tribunal's lack of subject matter jurisdiction;
(ii) a violation of the plea agreement, if preserved by a motion to withdraw plea;
(iii) an involuntary plea, if preserved by a motion to withdraw plea;
(iv) a sentencing error, if preserved; or
(v) as otherwise provided by law.
This rule, which became effective on January 1, 1997, adopts the holding of Robinson v. State, 373 So.2d 898 (Fla.1979), with the additional requirement that the issues of a violation of the plea agreement or the involuntariness of the plea must be preserved by a motion to withdraw the plea. No motion to withdraw the plea was made in this case. Therefore, because the issue was not preserved, we may not consider it on appeal. In both Leslie and Brown, the conviction and sentence were entered prior to the changes in rule 9.140(b)(2)(B). Therefore, they do not provide authority that this issue may be raised on direct appeal without proper preservation.
Affirmed.
STONE, C.J., and GLICKSTEIN, J., concur.